Roe and Hays *vs.* Doe. *ex dem.* Morrison.

.

ROE & HAYS *vs.* DOE *ex. dem.* MORRISON.

1. The Statute of Limitations does not commence running in favor of a tenant in possession of land, so long as he disclaims owning the land.
   In such case, he holds in subordination to the title of the true owner.
2. Possession of land must not only be adverse, but continuous, in order to ripen into a statutory title. Nor will it suffice to prove seven years continuous possession by different tenants, between whom there is no privity. In such case, the different tenants are but successive trespassers as against the title of the true owner.

Ejectment, from Calhoun Superior Court. Tried before Judge ALLEN, at November Adjourned Term, 1859.

The defendant in error brought his action against plaintiff in error to recover lot of land number 227, in the 4th district of originally Early county.

On the trial, plaintiff in the Court below introduced the following evidence:

William R. Hatcher testified: That he was acquainted with said lot; had known it about five years; M. A. Hays was living on it.

Abraham Dyer testified: That M. A. Hays resided on the land in the Spring of 1851.

Plaintiff then put in evidence a grant from the State for said lot to Jack Johnson, dated 23d day of August, 1839; also, a deed from Jack Johnson to L. L. Morrison, the plaintiff, dated the 25th day of June, 1841, recorded 3d day of August, 1849, for said lot.

Plaintiff here rested his case.

Defendant then introduced the following evidence:

M. McCorquadale testified: That he knew the premises in dispute; that in the fall of the year 1842, Thomas Hunt built a dwelling house on the lot, and about that time cleared about twenty-five acres of it; built a school house on it, and also cleared some four acres more about the same time near the dwelling house; when Hunt took possession, he spoke of the lot as his own, and exercised acts of ownership over it, such as clearing land, cultivating the same and building houses; he claimed also the unenclosed portions and exercised such acts of ownership over it as men usually do over their lands, getting timber, firewood, rails, etc. He occupied the place in 1843, and made a crop upon it. In 1844 Thomas Street went into possession, but does not know under whom, and cultivated it for that year; that one Bagwell went into possession in 1845: Hunt moved to Macon in January, 1844, and came down here again in 1854, and went to William Sutton's house that Hunt had sold to Sutton in 1845; Bagwell left the land, and Sutton went into possession, and sold to Joel McDaniel in 1845; McDaniel went into possession and occupied and cultivated the land in 1846, and claimed it as his own; McDaniel sold to James Owens in 1846; Owens did not go into possession, but sold to William Hays the same year, who went into possession.

Reuben McCorquadale testified: That Thomas Hunt "settled" the lot in the fall of 1842, by building a dwelling house and a school-house, which was used by his wife, clearing about thirty acres on the west side of the house, and about four acres near the house; made a crop on it in 1843;

Roe and Hays *vs.* Doe *ex dem.* Morrison

Thomas Street occupied and cultivated it in 1844; Bagwell occupied it in 1845; McDaniel in 1846, and William Hays in 1847; Hays' widow (M. A. Hays) occupied it up to the commencement of the action; Bagwell abandoned the place suddenly, and without gathering his crop, in the early part of the fall of 1845; Sutton was the next in possession after him.

Defendant then introduced a deed from Thomas Hunt to William Sutton, dated 1st October, 1845, for said lot; a deed from Sutton to McDaniel, dated 10th Nov., 1845; a deed from McDaniel to James Owens, dated 1st July, 1846, and a deed from Owens to Wm. Hays, dated 28th Sept., 1846, and then closed.

In rebuttal, plaintiff introduced the evidence of John S. Hoge, who testified by commission: that after Thomas S. Hunt moved from Early county, Ga., to the city of Macon, in the year 1845 or 1846, he heard Hunt say that some men from Early county were in Macon, trying to buy a lot of land in Early county from him; does not recollect the particular lot; thinks he alludes to a lot he had some control of when living in Early; he said that he refused to sell the lot because he had no title or claim to it; cannot recollect the exact time of the year when he said this; it was during the cotton season—probably in the fall; he was engaged in buying cotton at the time; Hunt moved from Early county to Macon in the latter part of 1843 or 1844.

The jury, under the charge of the Court, found a verdict for the plaintiff, and counsel for defendant moved for a new trial on the grounds following:

1st. Because the Court refused to charge, as requested, that tenancy may be proven by the acknowledgment of the tenant while in possession, and that tenancy may be shown by circumstances, as delivering up possession to the landlord or his vendee when required; and that if the jury believe that Hunt took possession of the lot, improved and cultivated it in 1842; that Street went into possession under him; that Bagwell went in under Hunt, and that Sutton bought of Hunt, then defendant would be entitled to recover if the possession continued for the space of seven years next before the action was brought.

2d. Because the Court refused to charge the jury, as requested, that possession must be of such acts of ownership

as are definite, notorious and continuous; by going on it, felling trees, using the timber, splitting rails, and such acts as serve to show the character and extent of the claim.

3d. Because the Court refused to charge the jury, as requested, that if Hunt went into possession in 1842, without paper title, cultivated the land and built houses upon it *bona fide*, and continued so to hold for seven years, and that the seven years were complete before the passage of the Act of the Legislature of 1852, which requires paper titles, then the possession was adverse, and constituted a good defense.

4th. Because, when the jury was about to retire, the foreman asked the Court to explain what was color of title; to which the Court replied, it must be paper title, or some claim of right evidenced by writing.

5th. Because the evidence of John S. Hoge was illegal and improperly admitted by the Court when objected to by defendant's counsel.

The Court overruled the motion for a new trial on all the grounds, and counsel for defendant excepted.

STROZIER, for plaintiff in error.

CLARK, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

This is an action of ejectment to recover lot number 227 of what was formerly Early now Calhoun county. The plaintiff tendered in evidence a grant from the State, and a regular chain of title down to himself. The defendant relied upon the Statute of Limitations.

She proved that Thomas Hunt went into possession of the land in dispute in 1842; that he built houses, cleared land and used the whole as is usual with the owners of land, claiming it as his own; that he occupied the premises, and made a crop upon it in 1843; that in 1844 Thomas Street took possession, but it does not appear under whom he claimed; that one Bagwell succeeded Street in 1845, but there is no evidence whether he claimed in his own right or as the tenant of Hunt or somebody else; that Hunt, the original settler, moved to the city of Macon in 1844, and sold the land to Wm. Sutton the 1st of October, 1845; that

Bagwell then went out of possession and Sutton went in. From Sutton down there is a regular chain of title to Mrs. Hays. Hunt made a quit-claim deed only to Sutton, admitting at the time that the land did not belong to him, and that he had no title to it.

Counsel for Mrs. Hays excepts to the refusal of the Court to charge, as well as to the charge as given.

It is immaterial, however, how many or how great the errors were which the Court committed. The defendant's statutory title utterly fails, inasmuch as she does not establish a *continuous* possession in Hunt or those claiming under him for seven years. It is but five years and a half from the date of Hunt's deed to Sutton until the action was brought. So tacking on the possession of Bagwell for 1845 upon the ground assumed by counsel, to-wit : That by surrendering to Sutton he acknowledged himself a tenant of Hunt—a conclusion not warranted by the proof, still, it makes but six years and a half; for there is not a particle of proof that connects Street with either Hunt or Bagwell, and for this reason, to say nothing of the disclaimer of Hunt that he did not own the land when he made the quit-claim deed to Sutton in October, 1845, the defense must fail.

Had the Court ruled the law just as the defendant's counsel claimed it to be, and the jury had found a verdict for the defendant, we should have felt constrained to set it aside and grant a new trial.