Adams, adm'r. vs. Brooks, et. al.

LEVI M. ADAMS, administrator of Joseph Allen, deceased, plaintiff in error, vs. WILLIAM E. BROOKS, and others, defendants in error.

[1] Letters of administration upon the estate of a man who died in Alabama, a resident of that State, and who left no effects in Georgia, cannot be granted by the Ordinary here. He has no jurisdiction.

[2] Bond for titles, with all the purchase money paid, is a complete title to land; and the vendor has no property in that land, remaining in him, whereon to grant administration after his death.

[3] The ruling in *Pitts vs. Bullard*, (3 *Kelly*, 5,) having been made by an able Bench, after full argument by able counsel, having since been followed and applied in divers cases, and having been left unmolested by the General Assembly, should not now be changed by the Court. The rule *stare decisis* should be maintained.

Motion to revoke Letters of Administration.  Tried before Judge WARNER.  In Meriwether Superior Court, on appeal from the Ordinary.  August Term, 1866.

In 1837, Joseph Allen executed a bond to one Veal, conditioned to make to Veal warranty titles to a certain lot of land in Meriwether county, as soon as the grant issued from the State, and such titles were demanded.

In 1843, the grant issued to Allen, but so far as appears, no demand upon him for titles was ever made.  The bond is still outstanding.

Allen died in Alabama, a resident of that State.  Letters of admistration upon his estate, were granted by the Ordinary of Meriwether county, to Adams, the plaintiff in error; and Adams, as such administrator, commenced his action of ejectment against one Jones, to recover the land specified in said bond, and conveyed to Allen by said grant.

Subsequently, Jones, together with some or all of the heirs at law of Allen, moved the Ordinary to set aside and revoke the letters of administration granted to Adams, on the ground that Allen died a citizen of Alabama, and left no estate in Georgia, and therefore, the Ordinary had no jurisdiction.

This motion was finally tried, on appeal, in the Superior Court, when Judge Warner charged the jury, that, to give jurisdiction in Meriwether county, Allen must either have

died there, or left property or effects there which could be recovered and reduced to possession by his administrator as assets; that if Allen [had, before his death, sold said land, executed a bond for titles, and received the purchase money in full, and had, when the letters of administration were granted, no other property in the county of Meriwether, then, the land was not the property of the intestate so as to give the Court of Ordinary jurisdiction to grant letters of administration on his estate, and that the administrator would not be entitled to recover the same, for the purpose of administering it.

This charge is excepted to by Adams as erroneous.

DOUGHERTY, for plaintiff in error.

PEAVY, for defendant.

HARRIS, J.

[1] The question made by this record is, whether the Ordinary of Meriwether county had any jurisdiction to appoint an administrator upon the estate of Joseph Allen, deceased, who died a citizen of Alabama, leaving no property in Meriwether county?

Allen had, many years ago, been a citizen of said county, and, previous to his removal, had sold his lot of land in Meriwether to Veal, and gave to him his bond to make titles upon the payment of the purchase money. During his life he received the full amount of the purchase money; he died leaving no property whatever in said county.

From the judgment of the Ordinary granting *administration to plaintiff in error, an appeal was taken to the Superior Court, and upon the trial there, the distinguished Judge presiding charged the jury, "That to give jurisdiction. to the Ordinary in Meriwether county, Allen must have either died there or left property and effects there, which could be re-

---

. * See the Reporter's statement for a correction of this inaccuracy.—REP.

covered and reduced to possession by his administrator as assets."

This charge we deem entirely correct.

[2] The uniform decisions of this Court, from its organization to the present time, have been that a bond for titles, where the purchase money had been paid in full, without deed, or any formal conveyance, vested a perfect title.

If this be so, then, it cannot be maintained that the land in Meriwether remained as a part of the estate of Allen. It seems to us to be very clear that no administrator of his estate would, or should be permitted in any Court where justice is administered, to recover that land and reduce it to possession as assets. The right to do this would be indisputable, if it be conceded that Allen has any *remaining property* in that land which can by a sale be converted into money.

A demand of administration in this case is equivalent to the assertion of the existence of property: we deny that the land is the property of Allen's estate. Allen's relation to the land, viewed after the most searching analysis, resolves itself into, simply, a trust for the purchaser—a mere power abiding in him to execute a formal conveyance of title—*that power is not property*—not an interest in the land—is incorporeal, intangible, and incapable of alienation.

[3] The distinguished counsel for plaintiff in error, does not regard the principle as sound, that a bond for titles, where the purchase money is fully paid, vests a perfect title, and by his brief, asks this Court to go back and review and reverse the case of *Pitts and Bullard*, and all the decisions since made in accordance with it.

I am not called on to express my individual opinion as to the *technical* correctness of that original decision, nor is there now any necessity. It is, perhaps, enough to say it was made by an able Bench, after full argument by able counsel. At intervals of time since it was made, five or six cases involving the same principles have been before this Court, constituted of different Judges from those who made the decis-

ion in *Pitts and Bullard*, and by all, with entire unanimity, as the reports show, that decision has been followed and presumptively approved.

The Legislature has convened annually since that decision, containing at all times members of the bar in full practice and familiar with the printed decisions of the Court, and as their journals show, animated by a spirit of reform, they have been prompt to alter what, in our State Jurisprudence, they have deemed violative of right or principle, in their opinion, yet, we believe that no member has, so far, ever attempted to modify the doctrine as originally announced.

Though this application proceeds from a member of this bar of acknowledged ability, and for whose legal opinions we entertain high respect, we feel that the facts we have stated are so overwhelming in the conclusion to be drawn from them, that they effectually preclude our acceding to his request. *Stare decisis* is a rule to insure uniformity. This tribunal, when it ceases to regard it, will greatly impair its value, and fail to secure public confidence. If this Court has been wrong from the beginning, on this subject, let the legislative power be invoked to prescribe a new rule for the future; until altered by that power, we are disposed to adhere to the rule which has been so long applied by our Courts and is so well known to the legal profession.

Let the judgment below be affirmed.