Garrett *vs.* Adrain.

---

Eli Garrett, plaintiff in error, *vs.* William Adrain, defendant in error.

Where A, being in possession of land under a bond for titles, on the payment of the purchase-money, made by B, sells the land to C, representing his titles to be perfect, and makes to C a bond for titles, to be made on the payment by C of the price agreed upon between them, and C, having no knowledge of the defect of A's title, or that his possession was only permissive, in good faith goes into possession under his purchase, pays his money in full, and remains in undisturbed possession seven years:

*Held*, That C has a good title by prescription, as against B, the original vendor.

Ejectment. Prescription. Before Judge PARROTT. Whitfield Superior Court. January, 1871.

This was ejectment by Adrain against Garrett, begun in December, 1869. It was submitted to the Court upon this agreed state of facts: Adrain owned the land, and in 1852, sold it to McDonald, on a credit, till 1854, giving him bond for titles. McDonald took possession, but never paid but half of the purchase-money. In 1857, McDonald sold the land to Garrett, took his notes for the purchase-money, and gave him *his* bond for titles, telling him that *his* title to the land was perfect. Garrett took possession in 1857, paid the purchase-money to McDonald in 1861 or 1862, and had continuously been in possession, claiming the land as his, up to the beginning of this suit; which was the first notice he had that McDonald did not have a perfect title to the premises. Plaintiff all this while resided in Alabama. Garrett claimed that he had a good title by prescription. The Court held that he had no such title as against Adrain. This is assigned as error.

JOHNSON & McCAMY, for plaintiff in error, cited Ang. on Lien, sec. 390; 4 Ga. R., 120; 5th, 14; 7th, 389. Stamper *vs.* Griffin, 12 Ga. R....; 20th, 321; 35th, 139; 5 Peters, 401; R. Code, sec. 2637, etc.

D. A. WALKER, for defendant. Prescription not bottomed on permissive possession: R. Code, sec. 2637; 35 Ga. R., 140; 14th, 72; 4th, 85 and 471; 4 John. R., 230; 1 Cow. R., 610; 5th, 91; Adams on Eject., 33 and 56, notes; 9 Wheat. R., 288; 5 B. & Ald. R., 232; 7 Wheat. R., 555; 4 How. R., 296. A purchaser is charged with notice of defects in seller's title: 2 Metc., 625; 3 Gr. Cr. Dig., 452, note; 1 Story's Eq. Juris., sec. 400; 15 Peters' R., 115; 2 Spencer's Eq. Juris., 757; Serg. on V., 330; Hilliard on Trustees, 513; 2 Foubl. Eq., 151; 35 Ga. R., 204; 29th, 123; 3 Gr. Cr. Dig., 556, note; 4 Kent's Com., 179, etc.

McCay, Judge.

It is a well settled rule that a permissive possession is not adverse, and cannot be the foundation of a prescriptive title against the person *permitting* the possession : Code, section 2637. But it is equally well settled, in this State, that seven years' possession, under a bond for titles, is a good prescriptive title against everybody but the obligee of the bond, and his representatives : *Fain vs. Gathwright*, 5 Georgia Reports, 6 ; *Stamper vs. Griffin*, 12 Georgia Reports, 450. That the maker of the bond has no title, or is in possession by permission, makes no difference. The very object of the law allowing title by prescription, is to protect a defective title against a perfect paper one, after seven years' peaceable possession. If the one who makes the bond is a mere squatter, a tenant, or is in under a forged title, or as trustee, and the purchaser buys in good faith and goes into possession, thinking his title good, he is in adversely. If this were not so, the title by prescription could never arise at all ; since, if the person prescribing, must have bought from one having a *right to sell*, he gets a good title without the prescription. The only limitation put by the law on his right is, that he shall hold, under a written claim of right, in good faith, without fraud on *his* part. To say that it is his duty to inquire, is in effect to repeal the statute : since, if he is to be held, to all the knowledge, that he would learn, upon proper inquiry, is to insist that he must not buy, unless the vendor has a *good title*. We have held at this term that, though there was a prior deed from the vendor on record, yet a purchaser, who buys in good faith, and gets a paper claim of right, acquires, in seven years, a prescriptive title. As we have said, nothing but fraud, want of good faith, will vitiate his claim of right. This the law will not presume. This cannot be founded on presumptive notice, on that sort of notice which is based upon record, or which is presumed from want of diligence. Even actual no-

Garrett *vs.* Adrain.

tice would not, in every case, be sufficient to defeat the prescription.   By section 2641 of the Code, our law is, that the prescription cannot be based upon a forged or fraudulent deed, if notice thereof be brought home to the claimant before, or at the time of the *commencement* of the possession. It is very clear to us, that to make the tenant chargeable, so as to defeat his prescription, he must have gone into possession *mala fide*, corruptly.   I can conceive of a case, where the notice of the want of title in the vendor is so patent, that no man of honest purposes would buy, where any man of ordinary sense would feel that to buy, and to go into possession, and set up a claim of right, would be a fraud.   But it would be very unjust and contrary to the whole tenor of the authorities and of the provisions of the Code, to presume fraud, because, by diligence, the truth might have been known.   The authorities referred to by the defendant in error, do establish, that a vendee is bound to make inquiry, and is chargeable with all knowledge that he could have got by such inquiry, but this is the rule in determining who has the *best title*, and does not apply to one setting up the statute. The inquiry here is, as to the *possession*.   Under the law of prescriptions, the defendant does not rely upon his title, but upon his *possession*.   His *title*, under the rules referred to, is defective.   He is, perhaps, chargeable with notice, by some record, or *lis pendens*, or possession, etc., and his *title* is defeated.   But the statute of prescriptions is based upon possession, and if that be in good faith, and not fraudulent, and his paper title be neither forged nor fraudulent, with notice to him, his prescriptive title is good : See *Conyers vs. Kenan*, 4 Georgia, 308; *Moody vs. Fleming*, 4 Georgia, 115; 9 Georgia, 44.