ALLEN *vs.* NAPIER *et al.*, executors.

The owner of certain land died, and subsequently his executors brought ejectment against the tenant in possession. The defendant relied upon a bond for titles made to him by the executors as individuals, with seven years' possession thereunder. Plaintiffs showed that the purchase money had not been paid, and that the person in possession had demanded that the executors, as such, should rent him the land and acknowledged that the title was in the estate:

*Held,* that a recovery by the plaintiffs was proper. Possession, to be adverse, must be in the right of the possessor seeking to prescribe thereunder, and not in the right of another.

December 1, 1885.

Prescription. Possession. Bond for Titles. Before Judge SIMMONS. Bibb Superior Court. April Term, 1885.

Reported in the decision.

R. W. STUBBS; J. H. TOOLE; W. H. WYLLY, for plaintiff in error.

H. F. STROHECKER; W. DESSAU, for defendants.

BLANDFORD, Justice.

The defendants in error, as executors of Leroy Napier, deceased, brought their action in the statutory form to recover a tract of land in Bibb county, against the plaintiff in error. They exhibited a grant from the state to their testator, Leroy Napier, the will of their testator, duly proved, and letters testamentary issued by the ordinary to them as such executors of said will, and closed. The defendant relied upon two bonds for title, each made by the executors individually in their names and not as executors, and claimed possession for more than seven years prior to the commencement of this action, and closed. The executors proved that the purchase money had not been paid, and showed that Allen had demanded that the executors should rent him the land as such executors and acknowledged the title to be in Leroy Napier's estate, which was in writing. Under these facts, the court held that the executors were entitled to recover, and that the prescriptive title in Allen was not good. Allen excepted to this, and brings the case here for review.

The possession of Allen is not adverse, as his possession is not in his own right, but is in the right of another, as made manifest by the bond for titles under which he obtained and claims possession of this land, and not having paid the purchase money, he can only claim title by the bond. It is declared in §2679 of the Code that possession, to be the foundation of a prescription, must be in the right of the possessor and not of another. See also 24 *Ga.*, 466; 67 *Id.*, 606.

We think that these authorities control this case, and that the ruling of the court below was right.

Judgment affirmed.