### HEARD *et al. v.* PHILLIPS *et al.*

</div>

101   691
108   668,
109   348

101   691
f112  342
112   358

1. In computing the number of days preceding the term of court in which a petition must be filed to make it returnable to that term, the Sundays intervening between the date of filing and the commencement of the term are to be counted; and this is true even if the twentieth or last day before the commencement of the term falls on Sunday.
2. Where a transferee of a bond for titles has taken a deed from the obligor of the bond, and brings a suit to recover the possession of the premises so conveyed to him, from one who acquired possession under the original obligee, he being dead at the time of the trial, the defendant does not fall within any of the classes of persons excluded as witnesses by the terms of paragraph 1 of section 5269 of the Civil Code.
3. The possession of one who has been admitted under a bond for titles to land is not adverse to the obligor of the bond, or the representatives upon his estate, in the sense that such possession may be the foundation of a pre-

scription; but where in pursuance of such a bond the obligee has been admitted into possession and the obligor dies, the possession so obtained is adverse in the sense that a sale of such property by the administrator upon the latter's estate pending such possession is void, and one who takes a conveyance at such sale can not in his own name, by force of such conveyance, maintain an action against the person so holding possession.

4. So far as the assignments of error upon rulings made in the court below are properly presented for consideration, there was no error of law committed, except upon the questions dealt with in the second and third headnotes.

<div align="center">Argued June 11, — Decided July 9, 1897.</div>

Equitable petition.  Before Judge Lumpkin.  Fulton superior court.  September term, 1896.

*Robert L. Rodgers*, for plaintiffs in error.
*Arnold & Broyles*, contra.

LITTLE, J.  1. The present suit was filed on August 14th, 1894, and made returnable to the September term of Fulton superior court, which by law met on the first Monday in September, which Monday was the 3d day of that month.  The cause coming on for a hearing, defendants' counsel moved to dismiss the same, on the ground that the suit had not been filed for the length of time required by law, that is 20 days, before the sitting of the court for the September term.  This motion was overruled, and is made a ground of exception in the motion for a new trial.  The contention is, that the Sunday preceding the sitting of the court on Monday can not legally be counted in computing the number of days intervening between the filing of the petition and the commencement of the term of the court.  This court has heretofore made a ruling directly on this point, which is adverse to the contention of the defendants' counsel.  See the case of *Merritt* v. *Gate City National Bank*, 100 *Ga.* 147, wherein it was ruled, that "Under an act providing that all cases brought in a designated city court should be 'returnable to and triable at the term next ensuing after twenty days have elapsed from the filing' a case in that court, the declaration in which was filed on the 12th day of June, 1894, was ripe for trial at the ensuing July term which began on the first Monday of that month. This is true although the last of the twenty days prescribed

by the statute in this instance fell upon the Sabbath day." The effect of this ruling is that the Sundays intervening between the date of filing and the commencement of the term are to be counted.

2. Phillips brought an equitable petition involving a complaint in the nature of an action of ejectment against the defendants, to recover possession of a house and lot in the city of Atlanta; and prayed also therein for other relief. Both plaintiff and defendants claimed title under C. T. Swift and H. J. Lamar Jr. Phillips claimed under a bond for titles, executed by the last named parties to one John Wright, conditioned to make title to him upon the payment of an aggregate sum in monthly installments of given amounts. Upon this bond appears a transfer and assignment of the same by Wright to James M. Jones, who in turn transferred and assigned the same and all his rights thereunder to the plaintiff. He also relied for recovery on a deed from Burkhart as administrator of C. T. Swift to Mrs. Lena B. Swift, under an order from the court of ordinary, conveying to her a half undivided interest in the land in dispute; and a deed from Mrs. Lena B. Swift and H. J. Lamar Jr., conveying the land in question to himself. The defendants founded their claim upon the contention that during the lifetime of James Jones, his wife Emma, a daughter of Allen Holland, was the owner of another lot, and with the same or its proceeds traded with John Wright for the lot in controversy, and the bond for titles ought to have been transferred by Wright to her, as her money paid for it; that after the death of James Jones, his wife Emma remained in possession of the lot in controversy until her death, she having in the meantime married defendant Woodley, and that after her death the land was administered upon as her estate and regularly sold at administrator's sale to Allen Holland, under whom Charity Heard was in possession when the suit was brought. It was further contended that the transfer of the bond for title by James Jones to plaintiff was made only as security for a loan of $18.00, or some such sum of money. It appears that John Wright, the original obligee in, and James Jones, the intermediate transferee of, the bond for titles intro-

duced in evidence by the plaintiff, were both dead at the time of the trial.    During the progress of the trial, Charity Heard and Allen Holland, defendants, were introduced as witnesses, and, among other things, undertook to testify, respectively, as to certain transactions occurring between them and James Jones. and John Wright, during their lifetime; whereupon plaintiff's counsel objected to their testifying to anything that transpired between them and the deceased parties, for the reason, as urged, that plaintiff was claiming under said deceased parties, and Charity Heard and Allen Holland were parties to the suit, and therefore incompetent to testify concerning such transactions, under the provisions of the evidence act of 1889, as amended by subsequent acts; the provisions of all of which acts will be found codified in section 5269 of the Civil Code. The court below sustained the objection as made; and we presume rested his judgment upon the provisions of paragraph 1 of said section, the full text of which is as follows: "Where any suit is instituted or defended by a person insane at time of trial, or by an endorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person." It will be noted that the plaintiff presented the bond for titles which had been transferred to him, to Mrs. Lena B. Swift and H. J. Lamar Jr., and upon payment by plaintiff of $225.00 as the balance due upon the purchase-price to Swift and Lamar, they executed to plaintiff a deed conveying the land in dispute, and it was this deed which formed the foundation of the present action.    Phillips was claiming under and suing upon this deed.    True enough the bond for titles constituted a link in the chain of title exhibited to the court, and upon which Phillips's claim rested.    It served, however, merely to show the channel through which the plaintiff derived the title upon which his claim was finally based.    His suit was not founded upon the transfer or assignment of the bond for titles, nor was he suing as an assignee or transferee thereof, within the meaning of the statute.    Although the bond and transfers were needful in showing his chain of

title, and were, with respect to the gravamen of the action, collaterally involved, yet the suit was directly upon the deed from Swift and Lamar to the plaintiff. We think the provisions of the statute apply only in cases where the action is instituted or defended directly by an endorsee, assignee or transferee; that is to say, where the endorsement, assignment or transfer is directly sued upon, or defended. We ·conclude, therefore, that the court erred in sustaining the objection to the competency of the witnesses heretofore referred to.

3. John Wright made a contract of purchase of the property in dispute from C. T. Swift and H. J. Lamar Jr., taking their bond for titles, conditioned to make a conveyance of the property to him upon payment of the purchase-price. Under this contract of purchase and bond for titles he was admitted by Swift and Lamar into possession of the premises. Wright afterwards transferred and assigned the bond to Jones, who in turn transferred and assigned the same to the plaintiff. Pending the outstanding of this bond for titles, and before its conditions had been complied with and title made, C. T. Swift, one of the joint obligors, died. Administration was regularly taken on his estate by one Burkhart; and it appearing that his intestate and H. J. Lamar Jr. were tenants in common of the property in controversy, Burkhart as administrator, under an order of the court of ordinary, conveyed a half undivided interest in the land in dispute to Mrs. Lena B. Swift, who then, as has been shown, joined Lamar in a deed to the plaintiff in pursuance of the terms and conditions of the bond for titles previously executed by C. T. Swift and H. J. Lamar Jr., and held by plaintiff in the manner heretofore pointed out. It does not appear that the administrator made any effort whatever to recover possession of this property from the obligee in the outstanding bond, before making administrator's deed to Mrs. Lena B. Swift. Our Civil Code, § 3457, provides that "An administrator can not sell property held adversely to the estate by a third person; he must first recover possession." It has several times been ruled by this court, that the possession of one holding under a bond for titles to land is not adverse to the obligor of the bond, or the representative upon his

estate, in the sense that such possession may be the foundation of a prescription as against such obligor or his estate. *Hines* v. *Rutherford*, 67 *Ga.* 606; *Allen* v. *Napier*, 75 *Ga.* 275; *Hawkins* v. *Dearing*, 93 *Ga.* 108. Indeed, a vendee under a bond or contract for conveyance, though placed in possession by the vendor, does not hold adversely to the latter. By the very fact of taking under a bond or contract for a deed to be thereafter executed by the vendor, a purchaser recognizes the title of his vendor and acknowledges himself as holding in subordination and not in antagonism to it. 1 Warvelle on Vendors, 201. It must be understood, however, that the obligor or his personal representative is not at liberty to treat the obligee as holding in subordination to the title of the obligor for all purposes. The doctrine is well settled, and has been announced in strong terms by the Federal courts, that while the vendor without deed is a trustee of the vendee for the conveyance of the title, and the vendee in turn a trustee for the payment of the purchase-money, yet that the vendee is in no sense a trustee of the vendor as to the possession of the property sold; that the vendee claims and holds it in his own right, for his own benefit, subject to no right of the vendor save the terms which the contract imposes; and that his possession is therefore adverse as to the property, but friendly as to the performance of the conditions of the purchase. 1 Warvelle on Vendors, 202; 10 Peters (U. S.), 108. We are clearly of the opinion, therefore, that while the obligee in the bond from Swift and Lamar had, as to the latter, no such adverse possession of the premises as would enable him to acquire a prescriptive title thereunder, yet such possession was, within the meaning of our statute, adverse in the sense that a sale of any portion of the property by the administrator upon the estate of one of the obligors, pending such possession and without first having recovered the possession as required by the statute, was void. It follows, therefore, so far as this record shows, that the legal title to an undivided half-interest in the premises in dispute still remains in the estate of C. T. Swift, the administrator's deed to Mrs. Lena B. Swift being void and consequently ineffectual to pass the title out of said estate. It being incumbent upon the plaintiff

to recover upon the strength of his own title, and he having failed to exhibit title covering the undivided interest in the property belonging to the estate of C. T. Swift, the court erred in directing a verdict for the plaintiff covering the entire premises.

4. In addition to the questions above considered, the motion for a new trial contains several assignments of error upon rulings made in the court below; but in so far as these assignments of error are properly presented for consideration, there was no error of law committed except as herein pointed out.

*Judgment reversed. All the Justices concurring.*