June 19, 1916.

---

## JONES v. COATES.

Hill, J. Under the previous decision in this case (*Coates* v. *Jones,* 142 *Ga.* 237, 82 S. E. 649), the loan company, by taking possession under the void sheriff's deed, was in no better position than if it had taken possession under its security deed and held subject to the terms of its bond for title giving a right of redemption to the debtor, and payment could be made either in money or by an accounting for rents, issues, and profits. It was further held that as to the loan company no prescription ran. It was still further held that Jones, if he took with notice, occupied no better position with respect to the equity of Mrs. Coates than did the loan company. It was further intimated, if not held, that a prescription might run in favor of Jones under his bond for title, if he took without notice, but that the prescriptive time might be tolled if he misled Mrs. Coates so as to prevent her suing during a certain period, and that such period would not be accounted in his favor, if prescription would otherwise have ripened. We are not now dealing with the question of one who buys and pays in full without notice of an equity, and whether he takes entirely free from the equity; but with the question of the prescription of Jones. Following the line of the above decision, and others on which it was predicated, we now hold that if Jones, at the time he bought and took his bond for title, had notice, he took subject to Mrs. Coates' equity, and a prescription would not run in his favor, as it would not have run in favor of the loan company. But if at the time he bought and took his bond for title and possession thereunder he did not have notice, this would furnish such color of title and possession as would afford a basis for prescription. One can prescribe under a bond for title as well as a deed, except as against the obligee of the bond and his representatives. *Garrett* v. *Adrian,* 44 *Ga.* 274; *Burdell* v. *Blain,* 66 *Ga.* 169. Therefore, if without notice he bought the land, took a bond for title, and went into possession and remained in possession for seven years, with the requisite quality of possession for prescriptive purposes, he would acquire a prescriptive title; and this prescriptive title could be set up in opposition to the claim of Mrs. Coates to have an accounting (which she contended would pay off the indebtedness), and to have the title declared to be in her. But if he deceived or misled her and for a time prevented her bringing suit, the time during which she was thus delayed would not be accounted in his favor, under the former decision in this case. Without entering into discussion of each of the grounds

set out in the motion for a new trial, it is sufficient to say that the instructions given by the presiding judge to the jury did not, in material respects, conform to the rulings herein made; and that a new trial should result, so that on another hearing the case may be tried in accordance with the decisions of this court.

*Judgment reversed. All the Justices concur.*

JUNE 19, 1916.

Equitable petition. Before Judge Park. Hancock superior court. July 16, 1915.

*Allen & Pottle* and *R. L. Merritt*, for plaintiff in error.
*Sibley & Sibley* and *Samuel H. Sibley*, contra.