## ELROD *v.* BAGLEY *et al.*

1. Where a judgment was rendered on August 11, 1919, and on August 14 the court took a recess to January 17, 1920, the plaintiff in error had sixty days from the rendition of the judgment within which to present the bill of exceptions; and consequently, where the bill of exceptions was tendered on October 6, 1919, such bill of exceptions will not be dismissed for the reason that it was not tendered in time.

2. A brief of the evidence filed and approved according to law is a part of the record, and need not, except by reference thereto, be embodied in the bill of exceptions.

3. Under the allegations of the petition the court did not err in dismissing, on motion, so much of the petition as prayed for specific performance of the bond for title.

4. The court erred in granting a nonsuit as to so much of the case remaining as prayed for cancellation of a certain deed.

No. 1699. AUGUST 14, 1920.

Equitable petition. Before Judge Tarver. Murray superior court. October 11, 1919.

D. M. Elrod filed his petition against the Cherokee Manufacturing Company and M. L. Bagley, praying for specific performance of a bond for title and for cancellation of a deed alleged to be held by Bagley from the Cherokee Manufacturing Company, and for other purposes; alleging substantially as follows: The plaintiff is the owner of lot of land No. 13 in the 8th district and 3rd section of Murray County, and has been in open, notorious, and ad-

verse possession of the same since March 19, 1898. He went into possession of the land under a bond for title made by the Cherokee Manufacturing Company, a copy of which bond was attached to the petition, and which bound the obligor to execute good and sufficient title in fee simple to the above-described land. Plaintiff has fully complied with the conditions of the bond for title, and has fully paid the purchase-price as stipulated therein. M. L. Bagley is claiming title to the lot of land in controversy, under an alleged deed from the Cherokee Manufacturing Co., executed subsequently to the plaintiff's bond for title. The claim of Bagley is adverse to that of plaintiff, and is a cloud upon his title. The taking of the deed by him from the Cherokee Manufacturing Co. was and is with full knowledge of plaintiff's title and possession of the land. The prayer is, that the deed held by Bagley be brought into court and canceled, and that the Cherokee Manufacturing Co. be required to execute to plaintiff a deed to the land in accordance with the terms and conditions of its bond for title to the plaintiff; also for general relief. The defendants answered, and among other things averred, that M. L. Bagley has title to the land in controversy and is entitled to remain in possession thereof; that the plaintiff is not entitled to the relief prayed for, and is not entitled to recover the land or any interest therein; that it appears from the face of the petition that the plaintiff's cause of action originated many years ago, and his laches in failing and neglecting to assert his rights, if such he had, in equity and good conscience, will prevent him from asserting his alleged cause; that if he ever had any dealings, with reference to the lot of land, with the Cherokee Manufacturing Co., they were necessarily had with Hobart Babcock, D. K. McCamy, or Sherry McAuley, the managers of that company in the order named; that Babcock has been dead for upwards of twenty years, McCamy for fifteen or twenty years, and McAuley for eight or ten years, and they having been in possession, and having had knowledge of any transactions with plaintiff, and now being dead, and plaintiff having delayed and neg-. lected to assert any claim he may have had as to the lot of land, his long delay rendering the ascertainment of the truth difficult, it would now be inequitable, illegal, and unjust at this late day for him to attempt to assert his pretended claim and cancel the deed.

When the case came on to be heard on August 11, 1919, the de-

fendants made a motion to dismiss the action, upon the following ground: Because upon the face of the petition the cause of action is barred by the statute of limitations. The alleged bond for title attached to and made a part of the petition is dated March 19, 1898. It is an instrument executed under seal. The petition was filed in the clerk's office July 11, 1918. In the bond for title it is stated that the plaintiff executed a promissory note for the sum of $100, due ninety days after date. More than twenty years intervened from the dates of the bond for title and of the maturity of the note to the date of filing the petition. From the allegations of the petition the action could have been brought more than twenty years ago, and by reason of his laches in failing and neglecting to assert his alleged right the plaintiff will be prevented now from prosecuting his alleged cause of action, no reason existing why he could not sooner have brought suit in equity; and in good conscience he ought not now to be permitted to prosecute it. The motion to dismiss was sustained in so far as the petition prayed for specific performance of the contract evidenced by the bond for title, and was overruled in so far as the petition prayed for cancellation of deed to Bagley. The case went to trial before a jury, and at the close of the plaintiff's evidence the court ordered a nonsuit. The plaintiff excepted, assigning errors upon each of the two rulings just stated.

*H. H. Anderson* and *A. W. Fite,* for plaintiff.

*Maddox, McCamy & Shumate, W. C. Martin,* and *C. N. King,* for defendants.

HILL, J. (After stating the foregoing facts.)

1. On the submission of the case in this court a motion was made to dismiss the writ of error. One ground of the motion was because the bill of exceptions was not tendered to the judge within thirty days from the decision complained of. It appears from a certificate of the clerk that the superior court of Murray County took a recess on August 11, 1919, to January 17, 1920. The judgment in the case was rendered on August 11, 1919. "Taking a recess is not the equivalent of adjournment." *Hines* v. *McLellan,* 117 *Ga.* 845 (3) (45 S. E. 279). The plaintiff had sixty days from the date of the decision within which to present the bill of exceptions (Civil Code, § 6152), and the same was in time when tendered on October 6, 1919; and the trial judge certifies that the

bill of exceptions is true.    Therefore this ground of the motion is without merit.

2.    Another ground of the motion to dismiss is because "it is not alleged in the bill of exceptions that the brief of evidence was prepared, approved by the court, and filed in the office of the clerk as provided by law."    The brief of evidence is specified in the bill of exceptions as a part of the record which is material to a clear understanding of the errors complained of, and the certificate of the judge directs that such portions of the record as are specified be transmitted to this court.    At the conclusion of the brief the following order signed by the judge appears:    "The within brief of evidence in the case therein stated is approved as true and correct and ordered filed as a part of the record.    This October 11, 1919."    The Civil Code, § 6150, declares:    "The brief of evidence, on motion for new trial, filed and approved according to law, is a part of the record, and need not, except by reference thereto, be embodied in the bill of exceptions." . *Searcy* v. *Tillman,* 75 *Ga.* 504. This ground of the motion to dismiss is also without merit.

3.    It appears from the statement of facts that the plaintiff bought the land in controversy on March 19, 1898, giving his promissory note payable ninety days from that date, and received from the Cherokee Manufacturing Co. a bond of the same date, to convey good and sufficient title in fee simple to the land when the purchase-price should be paid.    The present suit was filed on July 11, 1918.    The court, on motion, struck so much of the petition as prayed for specific performance of the contract to execute title to the land, as evidenced by the bond for title, and overruled the motion to dismiss in so far as it sought cancellation of the deed from the Cherokee Manufacturing Co. to Bagley.    The petition does not allege specifically when the note was paid.    It was due June 19, 1898.    The petition alleged that the plaintiff had complied with the conditions of the bond for title, and had "fully paid the purchase-price as therein stipulated."    The cause of action for breach of the bond accrued at the date of the breach.    Civil Code, § 4359.    The bond was dated March 19, 1898.    The present suit was filed July 11, 1918, more than twenty years from the maturity of the note on June 19, 1898.    It being more than twenty years from the accrual of the cause of action, as appears from the petition, the plaintiff was barred of recovery; and the court

did not err, on motion, in dismissing so much of the petition as prayed for specific performance of the bond for title. See Civil Code, § 4359.

4. On the other branch of the case, which was not dismissed, as to the cancellation of the deed the evidence of the plaintiff tended to show that he had a good prescriptive title to the land in controversy; and this evidence should have been submitted to the jury. According to the evidence in the record, the plaintiff has held this land under the bond for title since its execution in 1898, with the purchase-price paid about a year later. It has been held that a bond for title is admissible in evidence as color of title, and may be made the basis of a prescription against any person other than the obligor in the bond. See *Street* v. *Collier,* 118 *Ga.* 470, 479 (45 S. E. 294), and cases cited; *Burdell* v. *Blain,* 66 *Ga.* 169; *Jones* v. *Coates,* 145 *Ga.* 397 (89 S. E. 334). The bond for title was in evidence. The testimony of the plaintiff was that "when I bought it I went into possession the very day I bought it." It cannot be said that this testimony showed a mere possession for the purpose of cutting timber, as insisted, which this court has held would not be a basis for prescription (*Durham* v. *Holeman,* 30 *Ga.* 619), because, as already indicated, the plaintiff testified that he went into possession of the land on the day that he *purchased* it. It was under a contract of purchase and sale, and not mere possession for the purpose of cutting timber. In the absence of a demurrer to this evidence, or timely objection thereto, it cannot be held that this is a mere conclusion of the witness. It is a statement of fact that the plaintiff went into possession of the land in controversy at a certain time under the contract of purchase and sale. Another witness for the plaintiff (M. L. Elrod) also testified as follows: " Q. When was Mr. Elrod to pay the other $100 to the Cherokee Co.? A. He was to move over there and saw timber, and he moved his mill over there, and I think they cut altogether somewhere toward fifty thousand — there was more than enough hauled to pay the company. Jim Elrod's mill was carried over there. They cut the timber. The timber was hauled to the railroad. Everybody around there hauled. Marion had it hauled. To pay that $100. I don't know whether or not it was in fact paid. Q. Did you ever hear Mr. McCamy say whether or not it had been paid? A. Yes, I heard him — me and Marion went in there, and

he was wanting to get the lumber run up, and he told me he would run it up one of these days. We checked this lumber up, and he had a plenty of lumber to pay it. It had already been paid off, yes sir. Mr. McCamy didn't want any more lumber off of that place. There was a paper signed. They called it a bond for title for that land. Mr. Durham was to have pay as soon as he could get the mill over there and saw timber enough. *It was a year or more before he got the mill over and the timber sawed and hauled to them.* (Italics ours.) Marion went over there to get the deed. I was over there and he was hauling lumber. The deed was not made at that time. The lumber wasn't all hauled. I don't recollect how much was hauled. He said he thought there was enough to pay, but he had rather wait until he got it all in before he would run it up. When we quit hauling, wasn't anything said about being enough hauled to pay the debt. After that, I suppose, we hauled a stack. *There was enough hauled to pay the* $100, *yes sir.* (Italics ours.) There was enough sawed, this $100 to the Cherokee, and he said there would be forty or fifty dollars left. It was all sawed, but hadn't been hauled. I am sure Marion hauled all that over there. I helped haul it." There is other evidence of similar import. It seems therefore that the plaintiff went into possession of the land in controversy in March, 1898, under a bond for title, that he paid the purchase-price of the land about a year after the bond for title was dated and executed, and has regularly paid the taxes on it since that time; and as against a third person who claims the land under a subsequent deed from the same grantor, with knowledge of plaintiff's title, we do not think it can be said that the plaintiff has failed to make out such a case for the cancellation of the deed as that the jury should not have been allowed to pass upon the evidence. The evidence should have been submitted to the jury under proper instructions.

*Judgment affirmed in part and reversed in part. All the Justices concur.*