19633, 19634. SHIPPEN, Administratrix *v.* CLOER; and *vice versa.*

MOBLEY, Justice. Mrs. Helena J. Shippen, as administratrix of the estate of her husband, W. H. Shippen, filed this action in ejectment against Jack Cloer. The defendant filed a plea to the jurisdiction and an answer. At the trial, and upon conclusion of the evidence, the defendant moved for a verdict against the plaintiff, which motion was granted. The plaintiff filed a motion for new trial on the general grounds only, which was denied, and to this judgment she excepts in the main bill of exceptions. She also excepts to the direction of a verdict against her, but no exception thereto was contained in her motion for new trial. In the cross-bill, the defendant excepts to the disallowance in evidence of an alleged contract between himself and certain heirs of J. M. Painter which, he contends, connected him with the title of J. M. Painter. *Held:*

1. "The plaintiff in error had the alternative of excepting directly to the judgment directing a verdict or of complaining thereof in a motion for new trial. He moved for a new trial on the general grounds only. In his bill of exceptions he seeks to assign error on the direction of the verdict. This he cannot do. Having moved for a new trial, he should have complained of the direction of the verdict in the motion, and having failed

to do so, he cannot assign error thereon in his bill of exceptions. *Guarantee Trust Life Ins. Co.* v. *Hill,* 90 *Ga. App.* 287 (2) (82 S. E. 2d 885)." *Conkle* v. *Babb,* 93 *Ga. App.* 405 (2) (91 S. E. 2d 789) ; *Crawford* v. *Wilson,* 142 *Ga.* 734, 739 (2) (83 S. E. 667).

2. We shall first deal with the question raised by the cross-bill. The defendant introduced in evidence a warranty deed, dated August 12, 1858, conveying the land in question to one J. M. Painter. He then sought to introduce an alleged contract which reads as follows: "This contract made and entered into this 3rd day of March, 1953, between J. B. Painter, and Lum Painter parties of the first part, and Jack Cloer party of the second part, both parties of said State, witnesseth: That for and in consideration of the sum of two dollars in hand paid before signing said contract, and the sum of six dollars per acre for all acres in land lot number 52 in the 26th district and second section of Gilmer and Murray Counties, the parties of the first part hereby will convey in simple title all the acres that may be in said lot, at a future time when title is clear to the party of the second part, and the party of the second part further agrees to pay the sum of six dollars per acre within ten days from such time that satisfactory title may be offered to party of the second part, and upon failing to pay said sum of six dollars per acre, party of the second part agrees to at that time surrender all possession of said property at that time.  . ." On the reverse side of the above, there appear the signatures of Lucy Painter Plemmons, C. V. Painter, and Frank Painter, acknowledging that, in consideration of $1 paid to each of them, they agreed to be bound by the contract above quoted. A reading of this contract readily discloses that it contemplates a conveyance of title at a future date at such time as satisfactory title may be offered to Jack Cloer, and by its terms no title was intended to pass thereby. No evidence was offered to show that, subsequently to this contract, the parties had consummated a transfer of title. This contract to sell does not constitute a muniment of title, nor does it constitute color of title. Color of title has been defined by this court "to be a *writing,* upon its face *professing* to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used—a title that is imperfect, but not so obviously so

that it would be apparent to one not skilled in the law." *Beverly* v. *Burke,* 9 *Ga.* 440, 444 (54 Am. D. 351). A writing that does not on its face profess to pass title, but expressly states that title will be conveyed at a future time and upon certain conditions, is not sufficient to constitute color of title. The trial court did not err in excluding the contract from evidence.

3. The only question raised by the main bill of exceptions is whether there is any evidence to support a verdict for the defendant. The plaintiff, to establish ownership in her deceased husband, introduced deeds to the land in question from one Long to Brown dated November 3, 1909; a deed from Brown to W. H. Shippen and F. E. Shippen dated July 3, 1923; and a deed from F. E. Shippen to W. H. Shippen dated April 1, 1937, conveying a one-half undivided interest in the property. In 1953, the legislature passed an act which reads as follows: "A prima facie case shall be made out in actions respecting title to land upon showing good record title for a period of forty years, and it shall not be necessary under such circumstances to prove title to the original grant from the State." Ga. L. 1953, Jan.-Feb. Sess., p. 63; Code (Ann.) § 38-637. This act constitutes a major change in the rules of evidence in this State in cases involving title to land. Prior to its enactment, in a case like the present one, where a plaintiff in ejectment relied upon a record or paper title to prove ownership, it was necessary, in order to make out a prima facie case, to prove a regular chain of title from the State, or from some grantor in possession, or from a common source from which he and the defendant claimed. *Ryals* v. *Wilson,* 152 *Ga.* 757, 760 (111 S. E. 414) ; 18 Am. Jur. 27, § 25. Under the act of 1953, the defendant in an action of ejectment is not deprived of any defenses which he could have asserted prior to the passage of the act. After the plaintiff has established his prima facie case by showing a good record title for forty years, the burden of proceeding is upon the defendant, who must introduce evidence to rebut the plaintiff's prima facie case, otherwise the plaintiff's evidence will demand a verdict in his favor.

The defendant introduced a deed from Solomon Henson to J. M. Painter, dated August 12, 1858, conveying the land in question. He failed to connect himself with the title of J. M.

Painter, but contends that this deed is sufficient to show an outstanding title in a third party and, hence, to defeat the plaintiff's claim. "The defendant, except where some special relationship between him and the plaintiff forbids it, may defeat a recovery by showing legal title into a third person, without connecting himself with that title; *provided* the title so shown was subsisting at the date of the commencement of the action and was paramount to the plaintiff's." (Italics ours.) Powell, Actions for Land, p. 160, § 159, and cases there cited; 28 C. J. S. 890, § 40(a); 18 Am. Jur. 53, § 55. Where the defendant defends upon the ground of an outstanding title in a third person, with which title he is not connected, it is incumbent upon him "to establish the existence of such an outstanding title, beyond all controversy. It is not sufficient for him to show that there may possibly be such a title. If he leaves it in doubt, that is enough for the plaintiff. He has a right to stand upon his *prima facie* good title." Greenleaf *v.* Birth, 6 Peters (31 U. S.) 302. The outstanding title of a third party, if not proved to be present, subsisting, and operative, will be presumed to be extinguished. 18 Am. Jur. 53, § 55; and see Powell, Actions for Land, supra. There was no evidence that the heirs of J. M. Painter are now asserting, or could assert, title to the land in dispute. There is no evidence that J. M. Painter died seized and possessed of the property, but rather there is evidence that the Painters moved away from this land some years ago. The evidence failing to show title to the property to be in the defendant, or that there existed at the date of the commencement of the action a present, subsisting, paramount title in a third party, a verdict was demanded for the plaintiff upon her prima facie case of good record title for forty years. There being no evidence to support the verdict in the defendant's favor, the trial court erred in denying the plaintiff's motion for new trial on the general grounds.

*Judgment on the main bill of exceptions reversed; cross-bill affirmed. All the Justices concur.*

Submitted March 11, 1957—Decided April 9, 1957.

*William Butt, Herman J. Spence, Bertram S. Boley,* for plaintiff in error.

*Pittman, Kinney & Pope,* contra.