26194.   KEMP et al. v. PARKS et al.

ARGUED DECEMBER 14, 1970—DECIDED MARCH 4, 1971.

*Scott & Alexander, Guy B. Scott, Jr.,* for appellants.
*Cook, Pleger & Noell, J. Vincent Cook,* for appellees.

MOBLEY, Presiding Justice. A. O. Parks brought an action in ejectment on October 14, 1969, against Chloe Kemp, seeking to recover possession of a small tract of land designated as an encroachment on his property. Sarah Kemp Moore and Evelyn Kemp, as cotenants in possession, were subsequently made parties defendant.

On the trial of the case Parks established record title to the land in dispute. The Kemps sought to establish their title by adverse possession under color of title for seven years. Their warranty deed was dated June 28, 1963, and in order to claim adverse possession under color of title for seven years they had to rely on a contract to sell between H. R. Holland and Chloe Kemp dated October 25, 1961. The trial judge held that this contract to sell did not constitute color of title, and directed a verdict for Parks.

The appeal is from the judgment entered on that verdict.

The only question for decision is whether the contract to sell constituted color of title. This court in *Shippen v. Cloer,* 213 Ga. 172 (97 SE2d 563), held that the contract to sell dealt with in that case did not constitute a muniment of title, nor color of title. Appellants the Kemps) contend that the contract to sell in the present case is distinguishable from that in the *Shippen* case, and that the contract in the present case constituted color of title.

In the contract to sell the seller agreed to sell, and the buyer agreed to buy, a tract of land described as "a portion of Lot 3, Block D, Pinecrest Hills Subdivision, Clarke County, Georgia, according to plat hereto attached." The buyer agreed to pay the seller $2,750 and to assume an existing loan of $9,400. The $2,750 was to be deposited in escrow, to be delivered to the seller, conditioned upon the seller delivering a warranty deed within twelve months evidencing good title to the property. In the event the deed was not delivered within the twelve months, then the agreement "shall be void and of no effect." The buyer was to make payments to a named loan association in the sum of $77 per month "until sale is consummated or this contract is void." In the event the seller did not deliver good title to the buyer within twelve months, "then all monthly payments made on said mortgage by buyer shall be considered rent on said property." Buyer was to have occupancy of the property by November 1, 1961.

In *Beverly v. Burke,* 9 Ga. 440, 444, color of title was defined to be "a writing, upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used—a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law."

The contract to sell in the present case did not in any way purport to convey title. It did give possession of the property, but provided that if the sale was not consummated, the monthly payments would constitute rent. The fact that the buyer made payments under the contract has no bearing on the question of whether the instrument could be considered as color of title. We are not concerned in this case with the equities between the buyer and the seller. The buyer received warranty deed to the property

in 1963. The question in this case is whether the contract to sell could be color of title under which the buyer could prescribe against an adjoining landowner who claimed that appellants had encroached on a small strip of his land.

Appellants assert that the contract to sell is the equivalent of a bond for title, and that this court has held that a bond for title is color of title. A bond for title (formerly used extensively but now seldom used) combines to some extent the features of a warranty deed from the seller to the buyer, and a security deed from the buyer to the seller. It binds the vendor to make warranty title. *Clark v. Whitehead,* 47 Ga. 516 (3). The vendor in a bond for title is a trustee of the vendee for the conveyance of the title and the vendee is trustee for the payment of the purchase money. *Heard v. Phillips,* 101 Ga. 691, 696 (31 SE 216, 44 LRA 369). It has been called a muniment of title. *Pierce v. Dennett,* 163 Ga. 471, 477 (136 SE 440). A bond for title, with the purchase money paid, is a complete title. *Adams v. Brooks,* 35 Ga. 63 (2).

The contract to sell in the present case does not bear any resemblance to a bond for title. It is a simple contract to sell. It does not bind the vendor in a penal sum to make a warranty deed to the vendee. On the contrary, it states that in the event the seller does not deliver a warranty deed evidencing good title within 12 months, the agreement shall be void and of no effect. The contract did not purport to pass title. The trial judge correctly held that it was not color of title, and properly directed a verdict for the appellee.

Furthermore, even if the contract to sell had been such a writing as might constitute color of title, it could not be effective to do so under the evidence in the case. The contract to sell described the land as an undefined "portion" of a lot, according to an attached plat. This plat had been detached from the contract and appellants were unable to produce it. If the extent of the claim is not defined in an instrument, it can not be relied on as color of title to aid prescriptive possession. *Luttrell v. Whitehead,* 121 Ga. 699, 701 (49 SE 691).

*Judgment affirmed. All the Justices concur except, Nichols and Felton, JJ., who dissent.*

FELTON, Justice, dissenting. As I understand the record and

arguments of counsel for both sides, one question only was argued or decided in this case and we shall confine this decision to that question. That question is whether the contract to buy and sell land, entered into between H. R. Holland and Chloe Kemp, is color of title upon which appellants can base a prescriptive claim to the land which is the subject matter of the contentions in this case. Cases holding that bonds for title (sometimes called executory conveyances) may constitute color of title are *Garrett v. Adrian,* 44 Ga. 274; *Fain v. Garthright,* 5 Ga. 6 (4); *Stamper v. Griffin,* 12 Ga. 450; *Street v. Collier,* 118 Ga. 470, 479 (45 SE 294); *Jones v. Coates,* 145 Ga. 397 (89 SE 334); *Baxter v. Phillips,* 150 Ga. 498 (1) (104 SE 196). Appellees concede that a bond for title is color of title and cite *Shippen v. Cloer,* 213 Ga. 172 (97 SE2d 563) as authority for the proposition that a contract similar to the one here, is not color of title. The court followed that case in directing the verdict against appellants. I do not agree that the contract in that case is a contract including all of the characteristics of a bond for title as does the one here involved, and I think that the contract in this case is color of title. "A bond for title is a contract signed by the owner of land, reciting that he has received a certain part of the purchase money for the described land, and binding himself in a penal sum to make a good title to the purchaser when the remainder of the purchase price is paid." Mitchell, Real Property in Georgia, pp. 151-153 (2d Ed. 1960).

In bond for title transactions the obligee (purchaser) goes into possession of the premises and it is not contemplated that a title is to be made immediately, but according to the terms of the bond. The provisions of the contract in this case do not require the delivery of a deed immediately. The provision, that if a deed is not delivered to the buyer's escrow agent the contract should be void, is a provision for the protection of the buyer. The buyer complied with every condition of the contract relating to her obligations thereunder. She made the required payments on the loan which she assumed; she paid the required down payment in full; she assumed the existing loan on the premises purchased according to the requirements of the contract and the original borrower was released. The fact that a deed to the property was executed by a corporation owned exclusively by the seller, alters no principle

involved in this case. The situation is the same as if the corporation deeded the land to the named seller and he in turn deeded it to the appellants. It is likewise not significant that the buyer (under the contract) did not receive a deed to herself alone. The status is the same as if she received a deed to the premises and in turn deeded a one-third interest each to the other two appellants. The seller in this case certainly could not create the basis of a forfeiture by refusing to deed the property to the buyer under the terms of the contract, which vested an absolute equitable title in her subject to a security deed, which the buyer assumed. Under the circumstances of this case, it is clear that the situation so nearly resembles a transaction where a bond for title is concerned that the contract in this case must be held to qualify as color of title from the time the original buyer went into possession of the premises and marked the boundaries by strings and other markings. The decision in the *Shippen* case, supra, is not authority for the trial court's ruling, that the contract in this case does not constitute color of title. The differences between the facts in that case and the instant one are clear and distinguishable. (1) In the *Shippen* case, the proposed buyer did not go into possession of the property under the terms of the so-called contract. (2) The time for the consummation of the contract was not stated. (3) Not one thing was done by the purchaser in compliance with any terms of the trade. It is significant that the court in the *Shippen* case called attention to fact number 3 above. Miss Chloe Kemp's adverse possession began to run as to the whole of the fee simple title at the time she took possession on November 1, 1961, and she claimed thereunder till June 28, 1963. Because she and the other two appellants received a deed to an undivided one-third interest each of said property, the three appellants were in adverse possession of the whole interest in the land for over seven years from November 1, 1961, to the time this action was instituted. While Sara Kemp Moore and Evelyn Kemp received the titles by deed from Fabro Homes, Inc., it was, in effect, a deed from Chloe Kemp to them for a two-thirds common interest, Chloe Kemp owning the other one-third undivided interest. Sara Kemp Moore and Evelyn Kemp have a seven-year claim by prescription, because they can tack to their claim the period of time from No-

vember 1, 1961, when Chloe Kemp went into possession alone under her contract, as privies of Chloe Kemp, as the deed from Fabro Homes, Inc., to the three appellants is equivalent to a deed from Chloe Kemp to the other two appellants. *Hays v. Morrison,* 30 Ga. 971 (2); *Morrison v. Hays,* 19 Ga. 294; and *Jenkins v. Means,* 59 Ga. 55 (3).

The ruling in the *Shippen* case is not to the effect that no contract of sale whatsoever can be color of title. It could rule no more than that the contract there involved *was* not color of title. The question whether the contract in that case was *color of title* was not involved in that case as the record in that case will show without a question of a doubt. The question there was whether the contract was a *muniment of title.* The contract relied on by the defendant in the *Shippen* case, set forth in the opinion in that case, was first admitted in evidence by the trial court. Later in the trial the plaintiff moved the court to strike the contract from the record on the ground that it was not a *muniment of title of any kind.* The trial judge sustained the motion and struck the contract from the record. (Page 69 of the record in the *Shippen* case.) "The writings by which a chain of title is evidenced are called muniments of title." Powell on Actions for Land, § 135, pp. 162, 163, (next to last paragraph). Color of title is not muniment of title. *Pierce v. Dennett,* supra, cited by the majority, is not controlling authority for proposition that a bond for title is a muniment of title. The sense in which the court in that case stated that a bond for title was a muniment of title was that a bond for title with all the purchase money paid is a complete equitable title. All other cases we have found, including those older than *Pierce v. Dennett,* supra, hold that a bond for title may be color of title and not that a bond for title is a muniment of title.

The majority speaks as if the appellants contend that the contract in this case purports to convey title. Nobody contends any such thing, not the appellant or the dissenters. We contend that the bond for title rule, so to speak, is an exception to the rule that for a writing to be color of title it must purport to convey title and not do so for some reason. For a bond for title or similar instrument to be treated as color of title, the bond or other instrument does not have to profess to pass title. If a contract must

purport to pass title a bond for title would not qualify as color of title, as it unquestionably does under our decisions.

The majority makes the statement that we are not concerned with the equities between the buyer and the seller. In the *Shippen* case, supra, specific attention was called to the fact that there were no equities in favor of the buyer in that case for the reason that he had not performed one single obligation he assumed under the contract.

I may be somewhat repetitious but the majority says that the contract in this case bears no resemblance to a bond for title. I am somewhat surprised at such a statement in view of the plain facts. As I understand the facts a bond for title is a bonded guarantee to the purchaser to make him a warranty deed to the land involved (put immediately into the possession of the obligee) upon the payment to the obligor by the obligee of all future payments on the purchase price and all other undertakings of the obligee. The terms of a bond for title transaction are identical with the terms in the contract here involved except, (1) that there is no bond in double the purchase price, or balance, in fact no bond at all, and, (2) there is a provision in the present contract that if the attorney for appellant did not approve the title and a deed was not exe-cuted and delivered within 12 months, the monthly payments made were to be treated as rent for the house and that the con-tract was to be void. The similarity between a bond for title and the contract here is not clouded by the fact that there is no bond involved in the contract. That does not obscure the similarity in the contract to deed property on performance of the conditions in the contract. As I have stated, unless we understand what the parties meant by stipulating it to be void under certain conditions, we cannot properly decide this case. The buyer was to assume an existing security deed on the house on the land involved. The monthly payments on this loan, which the buyer agreed to as-sume, were $77 per month. The agreement meant that if the seller could not convey title within a year the parties would con-sider the contract at an end and the seller might retain the monthly payments made by the buyer as rent for the period of the monthly payments owned on the loan by the seller, and that the contract was at an end and it was not contemplated that the

buyer would pay $2,750 further as a down payment and assume a $9,500 loan on the property contracted for, etc. All of these obligations were performed by the buyer. They did not treat the contract as void, whatever the reason was for the delay in the making of the deed. It seems to me that the argument in favor of the similarity between the contract and a bond for title is much more convincing than the majority's futile arguments to show their dissimilarities. We cannot agree with the statement in appellees' brief that the seller did not bind himself to do anything. It bound the seller to sell and the purchaser to buy. Such an interpretation of the contract flies in the face of common sense, experience, conscience, equity and law. It would stretch conscience to the breaking point to hold that under the contract in this case, where the buyer performed every phase of her agreement and paid out or assumed obligations amounting to over $12,250 she would forfeit it all simply because a deed was not delivered to her in one year. The contract cannot mean that if the seller did not deliver a deed within one year the buyer would lose her entire investment less whatever rent the house and lot were worth.

This case was tried by the parties on the sole question whether the contract quoted, plus performance by the buyer, constituted color of title. The question whether the contract sufficiently described the land contracted for was not in issue. Whether this issue was waived by the plaintiff in order to have the color of title question clearly decided or whether the voluminous testimony showed what the lost plat (attached to the deed) showed with reference to what the lost plat actually showed is not a concern of this court. Parties can make whatever concessions they wish so long as it does not violate public policy or the rights of others. The majority opinion in its "moreover" decision does not rule specifically that the lost definitive plat did not in effect show what the plat showed. The "moreover" ruling as to a defective description in the contract cannot be considered valid unless it shows, (1) that the parties did *not* try the case as to one issue and one issue only, and, (2) if they did not try the case on the sole issue of whether the contract amounted to color of title, that the evidence in the case did not supply proof of the definiteness of the description the lost plat contained. None of these things are shown by the majority opinion.