Green, J.
delivered the opinion of the court.
The principal question in this case is, whether the vendee of L.ane, with general warranty, becomes by his purchase, assignee of the covenant of general warranty taken by his vendor.
All the authorities agree that the covenant of warranty runs with the land conveyed, and descends to heirs, and vests in assignees. 4 Kent’s Com. 459, Thomas’ Coke, 381, (note): Platt on Cov. 304: Law Lib. 134. The consequence is, that the assignee may take advantage of a breach of a covenant of warranty, and may sue the covenantor.
The above propositions are admitted by the counsel for the plaintiff in error, to be generally true; but it is insisted, that when the vendee takes a covenant of general warranty, he does not become assignee of his vendors covenants.
This exception is not sustained either by reason or by authority. Were it true as contended, that a- vendee by taking a covenant of general warranty, would thereby be de-. prived of the benefit of all the preceding covenants, of which *84 ' he would have been assignee, had he taken a special warranty - only, it would often happen that a quit claim deed would be better than one with full covenants. The counsel insists, that where there is a covenant of warranty, the vendor is entitled to retain the deeds, but where there is no such covenant, they are delivered over to the vendee; and for this, Thomas’ Coke, 883, (note,) is cited. From hence it is insisted, it follows, that upon principle, the vendee ought to have no remedy except against his immediate vendor. This would not follow as a legitimate conclusion, were the rule <⅞f conveyancing as stated; but the authority in Coke, does not indicate the proposition contended for to be the rule- of conveyancing, but the contrary. The note is treating of the covenant that it is proper, a vendor should be requested to make, -and when he had himself purchased the estate, and it* is said, “when the vendor has parted with his means” of claim or remedy against his grantor for breach of his covenants, and transferred them to the purchaser by delivery of the deeds, and such vendee comes into the vendor’s place,. in that respect, by the acquisition of such deeds, it would be unreasonable that the vendor should make himself liable for any such breach. It is manifest, that Mr. Fearne in laying down this rule, intended to be understood, that the title dee'ds, as a matter of course, are to be delivered ever to the vendee, for it is upon the existence of that fact that he predicates the opinion, that it is unreasonable that the vendor should covenant further than against himself and those claiming under him. But, he says, where the vendor retains the deeds, then he ought to make a general covenant. From this latter expression it is inferred, that whenever the vendor enters into a general covenant of warranty, he is entitled to retain the deeds; but this is a false deduction. The note proceeds to state in what case the vendor does retain the deeds, as where they relate to a larger estate than the one sold. Here the vendor is interested to a greater extent in the deeds, than the vendee, and it is therefore proper, that he should retain them, and covenant for their production.
But if the rule of conveyancing were, as the counsel for the plaintiff in error contends, it would not effect the question. *85 It is not because of the delivery of the 'deeds to tlxe purchaser, that he becomes assignee of the covenants contained in them, but because he takes the same estate, and stands in . . r . the place of his vendor, and thus a privity of estate is ere-ated between the covenanting parties. 4 Kent’s Com. 460: 4 Cruise’s Dig. 316.
The character of the estate, which may be transferred by a deed is not affected by the existence or non-existence of a covenant of warranty. If, by the terms of the conveyance the same estate which had been conveyed to the second vendor, be transferred to his purchaser, he becomes assignee by force of the conveyance merely of the covenant of warranty, and as such, may maintain an action bn the covenant against the warrantor; and this principle having been settled by the whole current of authority, both English and American, with only one interposing dictum to the contrary, (14 John. Rep. 89,) we shall feel bound to adhere to it, even were the reasoning against it much more plausible than it is. Co. Litt. 384-6: 5 Rep. 17: 4 Cruise’s Dig. 452 to 7: Booth vs. Starr and others, 1 Con. Rep. 244: Lot vs. Parish’s executors, 1 Littell’s Rep. 393 to 396: Birney vs. Hann, 3 Marsh. Rep. 322: Bradford vs. Lang, 4 Bibb, 225: Withy vs. Mumford, 5 Cowen, 137.
2. It is insisted, that as the deed to Cox does not name the assignee, or only covenants to and with Cox, and not to Cox and his assigns or assignees, that the latter cannot sue.
This makes no difference, where the covenant is inherent in the laud. In order to confer a right of action on the as-signee, it is not essential that he should be expressly named. Platt on Cov. 523, (3 Law Lib. 234,) Sudg. Vend. 400. As it relates to the land, he only, who is owner of the land at the time of the breach, can take advantage of it. 4 Kent. 459: 2 Mass. 460.
This court therefore, is of opinion, that there is no error in the judgment of the circuit court, and order that it be affirmed.
Judgment affirmed.