N. M. PAYNE, plaintiff in error, *vs.* JOSEPH J. F. BLACK-SHEAR, defendant in error.

1. When one bought land from a person representing himself to have a written authority from the owner to sell, and a deed was made by the assumed agent in his own name and without any mention of the principal, and the purchaser went into possession and continued in possession seven years:

*Held,* that it was not error in the judge to refuse to charge, that the transaction was upon its face *so conclusive* evidence of fraud as that the deed was not a good color of title on which to base a prescription.

2. It is not error in the judge, on the trial of an action of ejectment, where the defendant relies on a title by prescription, to *neglect* to charge the jury, that in making up the seven years possession they could not count the time the locality was occupied by the Federal army and the courts were closed, no evidence having been adduced upon that subject and no request made for such a charge.

Ejectment. Prescription. Principal and agent. Charge of Court. Before Judge UNDERWOOD. Whitfield Superior Court. October Term, 1873.

Blackshear brought ejectment against Payne for a lot of land in Whitfield county. The defendant pleaded the general issue and title by prescription. Upon the trial, it was admitted that the legal title was in the plaintiff if no title by prescription had been perfected in the defendant; that the land was in the county of the suit and in the possession of the defendant.

The defendant introduced the following chain of title: From Routh to Doyal, dated February 18th, 1864; from Doyal to Nailon, dated March 1st, 1867; from Nailon to the defend-

ant, dated December 28th, 1869. He also proved an open and continuous possession of the land in controversy, under said deeds, from February 18th, 1864, to March 12th, 1872, the date of the commencement of this action.

Johnson Warmack, one of the witnesses to the deed from Routh to Doyal, testified as follows : Was present when said instrument was executed ; Doyal had been working for Routh in his tan-yard ; Routh had been managing the lot for some years for plaintiff; he offered to sell the lot to witness, but the latter preferred to purchase other property. Witness said in the presence of the parties, that the power of attorney from. plaintiff ought to accompany the deed and go on record with it. Routh said he had such power of attorney, but had left it among his papers down the country. Doyal purchased the property and paid $2,000 00 in Confederate money, or its equivalent, for it.

The jury found for the defendant. The plaintiff moved for a new trial upon the following grounds :

1st. Because the court erred in refusing to charge the jury as follows : "If Doyal knew that Routh did not own the land, but was selling it as agent for Blackshear, and yet conveyed the land as his own, it makes this case one in which notice of the want of title in the vendor is so potent, that no man of honest purposes would buy, and where any man of ordinary sense would feel that to buy, go into possession, and set up a claim of right, would be a fraud ; that if such facts are proven, then it is conclusive of fraud upon the part of Doyal."

2d. Because the court erred in neglecting to charge as follows : " In computing the time necessary to the ripening of a prescriptive title, the time during which the United States forces were occupying Whitfield county, and when there were no courts held in said county, could not be estimated or computed ; what that time was is a matter of public history, and courts can take judicial notice of it."

There was not a particle of testimony introduced upon. the trial upon which such a charge could have been based.

The motion was sustained, and defendant excepted.

W. K. MOORE; J. A. W. JOHNSON, by brief, for plaintiff in error.

B. Z. HERNDON; J. E. SHUMATE, by brief, for defendant.

McCAY, Judge.

1. We think the charge of the court was right. It would be carrying the presumption that men know the law, and the mode by which land is sold by agents, very far, to say that the case before us presents a conclusive case of fraud on the part of the purchaser. It is plain, from the evidence, that Routh was the agent of the true owner, and that he told the purchaser that he had a power of attorney to sell. It is plain, also, that Doyal believed him, since he parted with his money on the faith of that statement. We think the matter was properly left to the jury as to the good faith of Doyal; and so of the other purchasers afterwards. None of them seem to have known that the deed ought to be in the name of the true owner. One of them, it is true, had refused to buy from Routh, because he thought the power of attorney ought to go with the deed. Even he does not seem to have thought it did not exist, but that he wanted it in his own keeping. As we have said in several cases, it would make the law of prescription useless if, to make it available, men must get a good title or take care. Fraud, *mala fides*, is a reply to it; and by the verdict the jury have found that did not exist in this case.

2. We do not think the amendment to the motion helps the case. Admitting that the court was bound to take judicial notice of the occupation of the locality by the Federal troops, etc., which we doubt, especially as the period of that occupation could not be fixed except by proof, we yet are clear that the mere failure of the judge to charge a point of law, especially one so latent in the case as this, was no error, unless the party complaining had made a request, or in some way called attention to it. As it is, it is a clear afterthought, and cannot be insisted on after the verdict.

Judgment reversed.