Stokes *vs.* Maxwell *et al.*

---

GILBERT M. STOKES, plaintiff in error, *vs.* WILLIAM A. MAXWELL *et al.,* defendants in error.

Where a claimant held land for seven years under a title independent of that of the mortgagor, he obtained a good title by prescription, *aliter*, had he been a privy in estate with the mortgagor.

Claims. Mortgage. Prescription. Before Judge CLARK. Lee Superior Court. November Term, 1874.

This case is sufficiently reported in the decision.

HAWKINS & HAWKINS: LYON & JACKSON, for plaintiff in error.

VASON & DAVIS, for defendants.

WARNER, Chief Justice.

This case was argued with the case of Wingfield against Davis, and it appears from the record that the claimant, Stokes, did not derive his title to the land from Gilbert, the mortgagor, or from any one claiming under him subsequent to the date of the mortgage, but claimed under an independent title derived from Sutherland to Pace, and from Pace to himself, and it was admitted that the claimant, and those under whom he claimed, had been in the possession of the land for more than seven years before the levy of the mortgage *fi. fa.* If it had been shown that Sutherland and those under whom the claimant derived his title, had purchased the land from Gilbert, the mortgagor, subsequent to the date of the mortgage, then the claimant would have been a *privy* in estate with the mortgagor, and have held the land subject to the mortgage lien, and could not set up a title by prescription as against that mortgage lien, for the reason that he went into the possession of the land under a title which was incumbered with that lien. But from the evidence in the record the claimant had a good title by prescription under the statute. So far as the record shows the possession of the claimant, under his written evidence of the title, was *adverse* to that of the mortgagor and those claiming under or through him. The only evidence of title in the mortgagor was the possession of the land when the mortgage was executed, that he exercised acts of ownership over it and claimed it as his own. The court erred in charging the jury, in view of the evidence in the record, " that his prescriptive title could not avail the claimant against the mortgage lien."

Let the judgment of the court below be reversed.