JOHN JONES *et al.*, plaintiffs in error, *vs.* FRANKLIN W. BIVINS *et al.*, executors, defendants in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

The exceptions specified in the Code, by which a prescriptive title will be defeated, are exhaustive, and will not be enlarged by construction.

Prescription. Before Judge WRIGHT. Baker Superior Court. May Term, 1876.

Reported in the decision.

D. A. VASON, for plaintiffs in error.

WARREN & HOBBS, for defendants.

WARNER, Chief Justice.

This was an action of ejectment pending in the court below, and by agreement of the parties was submitted to the decision of the court on the following agreed statement of facts, to-wit:

"That plaintiffs have a regular chain of title for this lot from the state of Georgia; that in 1858 or 1859 the said executors sold this lot of land to A. H. Metts for $1,000 00, one half cash, balance on credit until January, 1860, and he received a bond for titles upon the payment of the balance of the purchase money; that this note for balance of purchase money was reduced to judgment in 1861 against said Metts; that on 29th December, 1868, the executors of Walker made and filed in the clerk's office a deed for this lot to Metts, and had the same levied on and it was sold the first Tuesday in March,

1869, at sheriff's sale, and purchased by them and they received the deed of the sheriff therefor. It was agreed that Metts will testify that he made the purchase for James Bond. It is also agreed that John Jones purchased this lot of land from James Bond for a valuable consideration, on the second day of November, 1860, and received his warranty deed therefor; that he then went into the possession thereof, which has been open and continuous ever since, and that John Jones will testify that at the time he purchased this lot he had no notice of the bond for titles to Metts, or how James Bond derived his title to this lot, and that he was a *bona fide* purchaser without notice of this claim. It was also agreed that John Jones sued out a rule against Jackson, sheriff of said county, and Bivins and Walker, as executors, at the May term, 1869, of this court, to set aside said sale, and that they filed their answer thereto which was still pending. This action of ejectment was brought on the 30th of April, 1872, against John H. Mask, who was a tenant of John Jones, who, as owner thereof, was made party defendant, November, 1872; that it was then agreed that both cases be consolidated and tried together." After argument had thereon the court decided in favor of the plaintiffs in ejectment for the premises in dispute; to which said judgment the defendant excepted.

The plaintiffs had the title to the land in controversy, and could have maintained their action of ejectment to recover the possession thereof, not only as against Metts but against Bond, and those who were in possession of the land claiming under them. It is true that they had the right to file their deed in the clerk's office, to the land, levy their execution thereon and sell it for the purchase money due therefor, but that was merely a cumulative remedy given them by statute; when they became the purchasers of the land at sheriff's sale they stood in no better condition than any other purchaser would have done.

It is admitted that Jones had been in possession of the land more than seven years before the commencement of the plaintiff's action, but it is insisted that inasmuch as Jones

sued out a rule against the sheriff and the plaintiffs, to set aside the sale as set forth in the agreement, that that defeated his prescriptive title to the land. The statute declares that adverse possession of land, under written evidence of title, for seven years, shall give a title by prescription. The exception is, that if such written title be forged or fraudulent, and notice thereof be brought home to the claimant before or at the time of the commencement of his possession, no prescription can be based thereon : Code, section 2683. The general rule is, that when the statute commences running it continues to run, unless prevented by some one of the exceptions contained therein. According to the statement of facts in the agreement, the statute commenced running in favor of Jones, the defendant, from the 2d of November, 1860, that being the time of the commencement of his adverse possession. Inasmuch as the suing out of the rule by Jones against the sheriff and the plaintiffs, to set aside the sale as mentioned in the agreement, does not constitute one of the exceptions to the running of the statute as prescribed therein, it continued to run in favor of the defendant, and he acquires a good prescriptive title to the land in dispute, and the court erred in ruling to the contrary thereof. This case comes within the principles ruled by this court in *Wingfield, administrator, vs. Davis*, 53 *Georgia Reports*, 655 ; see, also, *Garrett vs. Adrian*, 44 *Georgia Reports*, 275.

Let the judgment of the court below be reversed.