## McDougald *et al. vs.* Reedy.

[Blandford, Justice, being disqualified, did not preside in this case.]

1. The evidence was weak; and it is doubtful whether it would have warranted a recovery.

. The defendant showed a good prescriptive title; and a verdict for her was amply supported by the evidence.

(a.) Where one received a voluntary deed from her mother, who was in possession of land, took adverse possession thereunder, without any notice of the fact that the grantor had acknowledged herself to be the tenant of another, and sold the property to a third party, and the two held adversely for seven years before suit, the prescriptive title was good, although the first grantor may, in fact, have been a tenant by sufferance, of which the subsequent takers had no notice.

October 9, 1883.

Landlord and Tenant. Title. Prescription. Notice. Before Judge WILLIS. Muscogee Superior Court. November Adjourned Term, 1882

Reported in the decision.

W. A. HAWKINS; B. B. HINTON, for plaintiffs in error.

W. S. WALLACE, for defendant.

JACKSON, Chief Justice.

1. The heirs of Alexander McDougald sued Georgia A. Reedy for a tract of land. No written title of any sort was shown to be in the plaintiff, nor was actual possession shown in him at any time. A paper, signed by him, was put in evidence, to the effect that Mrs. Morris might hold possession until he called for the possession, which, under the ruling in *Smith vs. Singleton, Hunt & Co.*, this term, would have made her his tenant at sufferance, perhaps, and put him in possession through her, in 1854, the date of the paper, if she had signed it or acknowledged it in any way, or even, it may be, if it were beyond question that this paper came from her possession. But that is in great doubt, the preponderance of the evidence being that it never was in her possession. So that, as in ejectment the rule requires the plaintiff to show title in himself, it is quite doubtful if a recovery could be maintained by the plaintiffs, had the defendant shown no title at all, but stood on naked possession.

2. But she sets up title by prescription, in virtue of a deed from Mrs. Morris to Judy Morris, her daughter, and from Judy to herself. She shows that Mrs. Morris was in possession of the land as far back as 1841, ante-dating the McDougald paper thirteen years; that Mrs. Morris made a voluntary conveyance to her daughter, Judy, in 1866, to come into possession and enjoyment of the land at Mrs. Morris's death, which occurred in 1874. Judy then entered

upon the land and held possession till she sold to defendant, and defendant to the beginning of the suit, nearly eight years. The court charged to the effect that if Judy, under this deed from her mother, held adversely to all the world, without notice of any tenancy her mother may have acknowledged to McDougald, and sold to defendant, and the two together held adversely for seven years before suit, then the prescriptive title was good, even if Mrs. Morris was tenant at sufferance of McDougald, they being ignorant of such tenancy. This is the scope and meaning of the charge, construed as a whole, that excepted to being read with the balance, all of which is in the bill of exceptions.

Under the rulings of this court in respect to color of title and adverse possession, we see no error in the charge. The point is, did Judy take title, voluntary or for value, from her mother, go in possession under such conveyance without notice of any tenancy on her part, and thus hold the possession adversely to the world, and transmit such possession to the defendant; or did she know of the tenancy of her mother under McDougald, and that she gave her a fee when she had none? If the jury found on this branch of the case for her, the evidence fully supports the finding; if they found independently of this prescriptive right, that the plaintiff had not shown title or possession in himself, the verdict is equally sustained by the evidence. In any view of the case, the verdict and judgment are right. 4 *Ga.*, 115, 308 ; 5 *Ib.*, 6, 251; 9 *Ib.*, 440, 497; 19 *Ib.*, 8; 24 *Ib.*, 494; 32 *Ib.*, 448; 33 *Ib.*, 239; 38 *Ib.*, 439 ; 53 *Ib.*, 371 ; 50 *Ib.*, 629; 58 *Ib.*, 590.

Judgment affirmed.