HAWKINS *v.* DEARING, executrix, *et al.*

1. The vendor of land who has given bond to convey is entitled to enforce payment out of the land in the manner prescribed in section 3654 of the code, not only as against the immediate purchaser from him, but as against any one holding under such purchaser, and the state of accounts between the purchaser and his vendee will raise no equity in favor of the latter on which to enjoin, at his instance, a sale of the land under the execution in favor of the original vendor for the purchase money; and this is true notwithstanding the debt for the same may have been subject to the bar of the statute of limitations when the suit for its recovery was brought, this defence, if it existed, having been waived by the defendant in that action.

2. Neither the possession of one holding under a bond for titles, nor a possession derived from him by another person, is adverse to the maker of the bond, so long as any of the purchase money remains unpaid.

January 27, 1894.

Petition for injunction. Before Judge HUTCHINS. Clarke county. November 29, 1893.

G. C. THOMAS and J. J. STRICKLAND, for plaintiff.

HOWELL COBB, H. H. CARLTON and ERWIN & COBB, for defendants.

Lumpkin, Justice.

In all his experience at the bar and upon the bench, covering a period of a little more than a quarter of a century, the writer has never encountered or read of a case the facts of which were like those involved in the one now under consideration. Upon its facts it has no precedent; and it is hardly possible that, in this respect, it will, itself, ever be useful as a precedent in litigation which may hereafter arise. We therefore deem it unnecessary to set forth in detail or discuss the evidence presented to his honor of the circuit bench. We will, however, remark that a careful reading of the petition and of the answers thereto has satisfied this court that if there is any equity in the petition, it was sworn off by the answers of the defendants. The legal questions involved are neither intricate nor difficult.

1. It appears beyond dispute that A. P. Dearing bargained certain land to John H. Newton, taking notes for the purchase money, and giving a bond for titles. Newton, without paying Dearing the purchase money, or obtaining a conveyance from him, bargained a portion of the land to Hawkins and afterwards gave him a bond for titles. At the hearing the state of accounts between Hawkins and Newton's executor was in dispute, but we think there can be no doubt that the executrix of Dearing is entitled to enforce payment of the purchase money due her testator's estate in the manner prescribed in section 3654 of the code. While it may be true that the estate of Newton has other property out of which the payment of this money might be realized, Dearing's estate certainly has the right to collect the purchase money of the land by a sale of the land itself, and this right could not be defeated even if there should be, as between Hawkins and Newton's estate, an equity making it incumbent upon Newton's executor to satisfy this debt out of other property belonging to Newton's estate.

The estate of Dearing has nothing whatever to do with the equities, if any, existing between Newton's estate and Hawkins, and therefore should not, at the instance of the latter, be enjoined from selling the land under execution against Newton for the purchase money. It is not denied that Newton's estate is perfectly solvent; and if, as to Hawkins, it is equitably bound to satisfy the judgment held by Dearing's executrix and fails to do so, there will be nothing to prevent Hawkins from compelling Newton's executor to respond in damages. It makes no difference that the purchase money debt due to Dearing's estate may have been subject to the bar of the statute of limitations when the suit for its recovery was brought. This defence, if it existed, was waived by Newton's executor; and besides, although the purchase money notes may have been barred by the statute of limitations, there was nothing to prevent the executrix of Dearing from recovering the land by a direct action of ejectment brought for that purpose, and therefore, nothing practical could have been gained by Newton's executor by pleading the statute when sued upon the notes.

2. So long as Newton held possession of the land under a bond for titles from Dearing, with the purchase money unpaid, the possession of Newton could not be adverse to Dearing or to his estate. This proposition is indisputable. It was insisted, however, that when Newton bargained a portion of the land to Hawkins, gave a bond for titles and put the latter in possession, this act of Newton's was, as to that portion, an assertion of title in himself, and that consequently the possession of Hawkins became adverse as against the original owner of the land. We cannot assent to this position. The possession of Hawkins, derived from Newton, could not, as a basis of prescription, be upon any higher or better footing than the possession of Newton himself. Haw-

kins was in privity with Newton, and either knew, or ought to have known, that the title to the land was not in the latter. We are therefore at a loss to perceive upon what principle Hawkins, standing in Newton's shoes, could claim to occupy a better position than Newton himself. Granting, then, that Hawkins remained in possession for seven years under Newton's bond for titles, this would not give him a prescriptive title as against Dearing's estate. In point of fact, however, Hawkins did not hold possession under this bond for the full term of seven years before the levy was made. His possession had continued for more than seven years, but the bond under which he held lacked, at the time of the levy, about nineteen days of being seven years old. So, in no view of the case is any legal or equitable reason presented for an interference by injunction with the collection, by a sale of the land, of the execution held by Dearing's executrix.

The court did right in refusing the injunction.

*Judgment affirmed.*