## SOUTHERN RAILWAY COMPANY *v.* ETHRIDGE.

It was, on the trial of an action for trespass upon realty, brought to recover damages to the freehold, erroneous to admit in evidence in the plaintiff's favor a bond for title in which he was named as obligee and to which the name of the person from whom he claimed to have purchased such realty had been apparently signed by an attorney in fact, when there was no evidence showing that the alleged attorney had any authority in the premises.

Argued May 17, — Decided July 20, 1899.

Action for damages. Before Judge Smith. Dodge superior court, September term, 1899.

*DeLacy & Bishop*, for plaintiff in error.
*Roberts & Milner*, contra.

LUMPKIN, P. J.   An action was brought by Ethridge against the Southern Railway Company, for damages alleged to have been occasioned through the negligence of the defendant in setting fire to and burning certain timber, fences, and a barn upon a lot of land which the petition alleged was the property of the plaintiff. There was a verdict in his favor, and the defendant filed a motion for a new trial, one ground of which was that the court improperly admitted in evidence a bond for title purporting to have been signed "Helen M. Wilson, by her attorney in fact, A. N. Wilson," and to bind Mrs. Wilson to convey to Ethridge certain lands, including the lot above referred to, upon the payment by him of several promissory notes described in the instrument. The objections urged to the introduction of this paper were, "that it purported to be made by an attorney in fact, and was not accompanied by any power of attorney; that it had expired by its own limitation; and that it was not a deed and did not amount to a title." The only foundation laid by the plaintiff for the introduction of this instrument was evidence showing that he had for more than seven years been in possession of the land therein described, under a contract between himself and A. N. Wilson, who had executed this bond for title; that the price of all the lots mentioned therein was about $1,500, and that he had paid $900 of the entire purchase-money. In this connection, Ethridge himself testified: "I paid for this particular lot, because the

others were in litigation in Hawkinsville and I held them back."
We think the court erred in permitting the introduction of the
bond in evidence.   It requires no argument to show that it
was inadmissible as a muniment of title, there having been no
attempt to prove that Mrs. Wilson executed it, or authorized
its execution in her name, or subsequently ratified the act of
A. N. Wilson in signing her name thereto.   To affirmatively
show that Ethridge held under a bond for title legally binding
upon Mrs. Wilson was indispensable in order to bring the case
within the decision announced in *Fulton County* v. *Amorous*,
89 *Ga.* 614, for there it clearly appeared that the plaintiff was
holding under a bond for title from the true owner and was in
possession thereunder with the owner's consent.   Moreover, the
record in that case discloses that the plaintiff's vendor con-
veyed the title to him while action was pending, for the purpose,
it can not be doubted, of enabling him to show complete title
in himself at the trial.   This fact, the writer well remembers,
had much influence in bringing about the conclusion reached
by Chief Justice Bleckley and himself, by whom the case was
decided, Simmons, Justice (now Chief Justice), being absent.

Counsel for Ethridge insisted, however, that this paper was,
in connection with the proof of his possession thereunder for
more than seven years, admissible as color of title.   We do
not think this proposition is sound.   Manifestly, Ethridge was
not claiming to hold under A. N. Wilson as his vendor, but
was asserting title as the vendee of Mrs. Wilson.   This being
so, no prescription could run in his favor as against her so long
as any part of the purchase-money remained unpaid.   *Haw-
kins* v. *Dearing*, 93 *Ga.* 108.   Upon the assumption that Mrs.
Wilson holds the legal title to the land in question, the right of
action for injury to the freehold would be in her, in the event
she did not authorize or ratify the execution of the bond for
title purporting to have been signed by her attorney in fact.
Relatively to Ethridge, certainly the legal title is in her, un-
less he is in a position to set up against her a prescriptive title
based upon the bond and possession thereunder.   This, under
the ruling in *Hawkins's* case, he can not do; for even if the
bond had been executed by Mrs. Wilson herself, it would not

afford a basis for such prescription, the purchase-money not having been fully paid. Consequently, this instrument was not admissible as color of title. While possession thereunder might be considered adverse to all the world, save only as to her, the really important thing for the plaintiff to establish in the present case was, in view of the evidence adduced at the trial, that he, rather than Mrs. Wilson, was the proper person to bring the action. As the paper offered in evidence by him can not properly be considered as the basis of any prescrip- tion against her, it had no evidentiary value whatever upon this question, and therefore the same was clearly inadmissible for the purpose for which it was offered, viz., to show adverse possession against Mrs. Wilson under color of title. As there is to be another trial, the merits of the case other than as herein indicated are not passed upon.

*Judgment reversed. All the Justices concurring.*