## BAXTER *v.* PHILLIPS.

1. In this State a bond for title is color of title, and the holder thereof may, through seven years adverse possession, acquire title against all persons, except his obligor, and the heirs, executors, and administrators of the latter.

2. The other grounds of the motion for new trial, not covered by the

ruling above announced, are not meritorious, and are not of such character as to require special treatment.

No. 1764.   SEPTEMBER 18, 1920.

Complaint for land.   Before Judge Park.   Hancock superior court.   October 17, 1919.

*Wiley & Lewis* and *Erwin, Erwin & Nix,* for plaintiff.

*Burwell & Fleming* and *R. L. Merritt,* for defendant.

FISH, C. J.   R. B. Baxter sued J. M. Phillips to recover certain land.   There was a verdict for the defendant, and the plaintiff's motion for a new trial was overruled.   There was evidence submitted on the trial tending to show the following as the facts in the case:

Baxter, the owner of the land in controversy, being in possession, sold the same to Walker on December 21, 1906, taking his note for the purchase-money, and giving him bond for title conditioned upon the payment of the note.   Walker entered into possession under such bond, and so remained until November 1, 1910, when he sold the land to Phillips, giving him a bond for title conditioned upon the payment of his note to Walker for the purchase-price agreed to be paid him.   On December 6, 1915, Phillips having paid his note to Walker for the purchase-price, the latter executed and delivered to Phillips a deed to the land.   Phillips went into possession under Walker on November 1, 1910, in pursuance of the bond from Walker to him, and continued in the open, notorious, uninterrupted, and peaceable possession thereafter, claiming it as his own, and making valuable improvements thereon with the actual knowledge of Baxter, who gave Phillips no intimation as to his claim to the land. Walker represented to Phillips that he had good title to the land, and Phillips in purchasing the land from Walker acted upon such representation, believing Walker's title to be good, and having no knowledge or notice of any interest which Baxter had in the land until the institution of Baxter's suit against him for its recovery on February 23, 1918.   One of the instructions complained of in Baxter's motion for new trial, and mainly relied on here, is substantially to the effect that if the jury should believe from the evidence the facts to be as above stated, then Phillips would have a good prescriptive title to the land by seven years' adverse possession under color of title, although Walker had

not paid Baxter all of the purchase-money he owed him for the land.

In *Garrett* v. *Adrain, 44 Ga.* 274, it appears that Adrain, owner of the land in dispute, sold it to McDonald on a credit till 1854, giving him bond for title. McDonald went into possession, and never paid but half of the purchase-price. In 1857 McDonald sold to Garrett, taking his notes for the purchase-price and executing to him a bond for title, and telling him that his, McDonald's, title to the land was perfect. Garrett took possession in 1857, paid the purchase-money he owed McDonald in 1861 or 1862, and remained continuously in possession, claiming the land as his up to the time Adrain brought an action against him for its recovery in December, 1869, which was the first notice he had that McDonald did not have a perfect title to the premises. Garrett set up title by prescription as a defense. The trial court held that he had no such title as against Adrain; and upon review this court reversed the judgment. The opinion delivered by Judge McCay in that case is so clear, decisive, and, we think, so conclusive as to the present case, that we take the liberty of quoting at length from it. He said: "It is a well-settled rule that a permissive possession is not adverse, and cannot be the foundation of a prescriptive title against the person permitting the possession: [citing what is now section 4164 of the Code of 1910]. But it is equally well settled, in this State, that seven years' possession, under a bond for titles, is a good prescriptive title against everybody but the obligee [obligor?] of the bond, and his representatives: *Fain* v. *Garthright, 5 Georgia Reports,* 6; *Stamper* v. *Griffin, 12 Georgia Reports,* 450. That the maker of the bond has no title, or is in possession by permission, makes no difference. The very object of the law allowing title by prescription is to protect a defective title against a perfect paper one, after seven years' peaceable possession. If the one who makes the bond is a mere squatter, a tenant, or is in under a forged title, or as trustee, and the purchaser buys in good faith and goes into possession, thinking his title good, he is in adversely. If this were not so, the title by prescription could never arise at all; since, if the person prescribing must have bought from one having a right to sell, he gets a good title without the prescription. The only limitation put by the law on his right is, that he shall hold, under a written claim

of right, in good faith, without fraud on his part. To say that it is his duty to inquire is in effect to repeal the statute: since, if he is to be held to all the knowledge that he would learn upon proper inquiry is to insist that he must not buy, unless the vendor has a good title. We have held at this term, that though there was a prior deed from the vendor on record, yet a purchaser, who buys in good faith, and gets a paper claim of right, acquires in seven years a prescriptive title. As we have said, nothing but fraud, want of good faith, will vitiate his claim of right. This the law will not presume. This cannot be founded on presumptive notice, on that sort of notice which is based upon record, or which is presumed from want of diligence. . . By section 2641 of the Code [Civil Code 1910, § 4169] our law is, that the prescription can not be based upon a forged or fraudulent deed, if notice thereof be brought home to the claimant before or at the time of the commencement of the possession. It is very clear to us, that to make the tenant chargeable, so as to defeat his prescription, he must have gone into possession mala fide, corruptly. . . But it would be very unjust and contrary to the whole tenor of the authorities, and of the provisions of the Code, to presume fraud, because, by diligence, the truth might have been known. The authorities referred to by the defendant in error do establish that a vendee is bound to make inquiry, and is chargeable with all knowledge that he could have got by such inquiry, but this is the rule in determining who has the best title, and does not apply to one setting up the statute. The inquiry here is as to the possession. Under the law of prescriptions, the defendant does not rely upon his title, but upon his possession. His title, under the rules referred to, is defective. He is, perhaps, chargeable with notice, by some record, or lis pendens, or possession, etc., and his title is defeated. But the statute of prescriptions is based upon possession, and if that be in good faith, and not fraudulent, and his paper title be neither forged nor fraudulent, with notice to him, his prescriptive title is good: See *Conyers* vs. *Kenan,* 4 *Georgia,* 308; *Moody* vs. *Fleming,* 4 *Georgia,* 115; 9 *Georgia* 44."

In *Fain* v. *Garthright, 5 Ga. 6* (4), it is held: " A person who enters into possession of land under a contract of purchase, with bond for titles when the purchase-money is paid, is in possession under color of title, and his possession is adverse, although he has

not paid the purchase-money." In that case the person in possession under bond for titles had paid no part of the purchase-money. In *Stamper* v. *Griffin*, 12 *Ga.* 450, it is said in relation to the case of *Fain* v. *Garthright,* supra: "But the contest there was not between the vendor and vendee, but between the vendee and a third person. And with that explanation and to that extent, we reaffirm the judgment there rendered. It was right in the case made. But as between vendor and vendee, we believe that the same rule does not, and ought not to apply." It was therefore held that a vendee in possession of land under bond for title can not prescribe against his immediate vendor until the purchase-money is paid.

No distinction on principle can be made between the *Garrett* case and the case at bar. It can not be said with any degree of certainty from the reported agreed statement of facts in the *Garrett* case, or from the record in that case on file in this court, that Garrett, who was in possession of the land under a bond for title from McDonald, his immediate vendor, had paid the purchase-price "in 1861 or 1862," due McDonald, seven years before Adrain, whose bond for title McDonald held, brought an action "in December, 1869," against Garrett for the recovery of the premises. Payment of the purchase-price, or any part thereof, is not mentioned or in any way referred to in the opinion delivered in the case. The opinion is based upon the rule, which was stated to be well settled in this State, "that seven years' possession, under a bond for titles, is a good prescriptive title against everybody but the obligor of the bond, and his representatives." We are unable to perceive how the payment by Garrett, in possession under a bond for title from McDonald, of the purchase-money he owed McDonald, could in any way affect the rights of Adrain, who had sold to and put McDonald in possession under a bond for title. Garrett was not attempting to prescribe against his immediate vendor, McDonald, who had given him bond for title, but against Adrain. Of course, he could have prescribed against McDonald if he had been paid the full purchase-price due him by Garrett. In *Jones* v. *Coates,* 145 *Ga.* 397 (89 S. E. 334), it is said: "But if at the time he bought and took his bond for title and possession thereunder he did not have notice, this would furnish such color of title and possession as would afford a basis for prescription. One can prescribe under a bond for

title as well as a deed, except as against the obligor of the bond and his representatives. *Garrett* v. *Adrain,* 44 *Ga.* 274; *Burdell* v. *Blain,* 66 *Ga.* 169." This is exactly in accord with our view, and is a reaffirmation of the ruling in *Garrett* v. *Adrain* and *Burdell* v. *Blain,* in which latter case it is held, in effect, that a bond for title may be good color of title upon which to base prescription. This has been ruled by this court in many other cases unnecessary to cite. The decision in *Garrett* v. *Adrain* has never been overruled or modified by this court, and must be binding authority, whatever may have been held in other jurisdictions on the subject. Among the cases in line with *Garrett* v. *Adrain* are the following: *Beverly* v. *Burke,* 9 *Ga.* 440 (54 Am. D. 351), wherein it is said, after defining color of title, " Though the title of an adverse ·possession be ever so defective, yet the true owner must sue within seven years, or he is barred by his entry." In *Beverly* v. *Burke,* 14 *Ga.* 70, 73, *Fain* v. *Garthright,* 5 *Ga.* 6, and *Stamper* v. *Griffin,* 12 *Ga.* 450, are approvingly cited. *Fain* v. *Garthright,* 5 *Ga.* 6, was approvingly cited in *Griffin* v. *Stamper,* 17 Ga. 108, which latter case is approvingly cited in *Luttrell* v. *Whitehead,* 121 *Ga.* 701 (49 S. E. 691).

*Adams* v. *Guerard,* 29 *Ga.* 651 (2), 673 (76 Am. D. 624) holds: " Possession under another is adverse to everybody but that other under whom it is held." *Wingfield* v. *Davis,* 53 *Ga.* 655, holds, under the facts of the case: " 1. Where a purchaser under bond for title sold by absolute deed to claimant, who bought without notice that his vendor was in possession under bond, and who occupied the property continuously for a period longer ,than seven years, exercising acts of ownership, such claimant acquired a valid title by prescription. 2. The possession of the premises in dispute by claimant, and the exercise of acts of ownership, was notice to the holder of the true title of the adverse claim." In *Jones* v. *Bivins,* 56 *Ga.* 538, it is held: " The exceptions specified in the Code, by which a prescriptive title will be defeated, are exhaustive, and will not be enlarged by construction." It is said in the opinion, " This case comes within the principles ruled by this court in *Wingfield* v. *Davis,* 53 *Ga.* 655; see also *Garrett* v. *Adrain,* 44 *Georgia Reports,* 275." *Hunt* v. *Pond,* 67 *Ga.* 578, holds: " A prescriptive title which meets the requirements prescribed by the Code will not be defeated by the fact that a grantor

through whom the claimants of prescription held had made a deed prior to that under which they claimed, even though it was of record," citing *Jones* v. *Bivins,* supra. *McDougald* v. *Reedy,* 71 *Ga.* 750, holds: "Where one received a voluntary deed from her mother, who was in possession of land, took adverse possession thereunder, without any notice of the fact that the grantor had acknowledged herself to be the tenant of another, and sold the property to a third party, and the two held adversely for seven years before suit, the prescriptive title was good, although the first grantor may in fact have been a tenant by sufferance, of which the subsequent takers had no notice." Among the cases cited in the opinion are *Fain* v. *Garthright* and *Beverly* v. *Burke,* supra. In *Carstarphen* v. *Holt,* 96 *Ga.* 703, 712 (23 S. E. 904), it is said: "It has been held that a bond for title is admissible in evidence as color of title, and may be the basis of a prescription against any person other than the obligor in the bond;" citing *Burdell* v. *Blain* and *Garrett* v. *Adrain,* supra. In *Winn* v. *Bridges,* 144 *Ga.* 497 (87 S. E. 665), it was held: "Seven years bona fide adverse possession, under a bond for title, with some of the purchase-money unpaid, is a good prescriptive title against everybody but the obligor and his privies. That the maker of the bond has no title or is in possession by permission makes no difference." In support of this ruling *Garrett* v. *Adrain,* supra, is cited. It is clear that the use of the words, "his privies," referring to the obligor in the bond for title, was not intended to change or limit the holding in the case cited. Indeed, the holder of the bond in that case is allowed by the ruling to prescribe against the administrator of the intestate whose widow was the obligor in the bond for title. It is said in the opinion, "The administrator of the obligor's husband is not a privy, and the bond executed by Mrs. Newborn would serve as color of title upon which to base prescription." In *Vada Naval Stores Co.* v. *Sapp,* 148 *Ga.* 677 (98 S. E. 79), it was held: "The vendee of a tenant who has an apparent legal title and from whom the purchase was made, with or without notice of the tenancy, can not dispute the title of the landlord, in an action of complaint for land, until he has restored the possession to the latter." The question of prescription was not involved in the case; and while it was ruled that the vendee of the tenant can not dispute the title of the landlord, it

was said in the opinion, "It is, of course, true that a purchaser from such tenant, without knowledge of the tenancy, may assert his adverse possession as a basis of prescriptive title. This principle is recognized in *McDougald* v. *Reedy,* 71 *Ga.* 750. . . A clear statement of what we believe to be the sound rule upon the question presented in this case is found in Lane's Lessee *v.* Osment, 17 Tenn. 85: 'Neither the tenant himself, nor a purchaser of the land under him, whether with or without notice of the landlord's right, can dispute the title of the landlord within the period necessary to form the bar of the statute of limitations.'"

In Powell on Actions for Land § 381, it is said: "Until the purchase-money is fully paid, the vendee's possession is permissive, and therefore he can not acquire prescriptive title against *his vendor* [Italics ours]. A bond for title is color of title. Hence the holder of a bond for title may, through seven years adverse possession, acquire title against all persons except his vendor and persons under disabilities." The section continues: "If one holding under bond for title conveys to one who takes possession in good faith and without notice of the subordinate possession held by his grantor, the latter's possession becomes adverse to his grantor's vendor, and may ripen into a prescription [citing *Garrett* v. *Adrain,* supra]. Aliter, if the purchaser has notice of the relationship sustained by his grantor." The learned author here states the law as settled in this State by many decisions of this court which he cites, to some of which we have hereinbefore adverted and discussed. Upon examination it will be readily seen that there is nothing in the following cases contrary to Judge Powell's statement of the law, viz.: *Parrott* v. *Baker,* 82 *Ga.* 364 (9 S. E. 1068) ; *Rutherford* v. *Hobbs,* 63 *Ga.* 243 ; *Hines* v. *Rutherford,* 67 *Ga.* 606. The holding in these cases is to the effect that the holder of a bond for title with the purchase-money unpaid is never in adverse possession to the *maker of the bond.* But there is nothing held in any of these cases to the effect that if one holding under bond for title conveys to one who takes possession in good faith, and without notice of his immediate grantor or obligor holding permissively, he can not prescribe against his immediate grantor's vendor or obligor.

We will now refer to several cases in which rulings are apparently made contrary to *Garrett* v. *Adrain,* supra. In *Hawkins* v.

*Dearing,* 93 *Ga.* 108 (19 S. E. 717), one of the headnotes is as follows: "Neither the possession of one holding under a bond for titles, nor a possession derived from him by another person, is adverse to the maker of the bond, so long as any of the purchase-money remains unpaid." It appeared in that case that Dearing sold the land in dispute to Newton, taking his notes for the purchase-money and giving him a bond for title. Newton without paying Dearing, or obtaining a conveyance from him, sold the land to Hawkins, giving him a bond for title. A point ruled on in the case was whether Hawkins could set up a prescriptive title under his bond from Newton against the estate of Dearing. In the opinion it is said: "The possession of Hawkins, derived from Newton, could not, as a basis of prescription, be upon any higher or better footing than the possession of Newton himself. Hawkins was in privity with Newton, and either knew, or ought to have known, that the title to the land was not in the latter. We are therefore at a loss to perceive upon what principle Hawkins, standing in Newton's shoes, could claim to occupy a better position than Newton himself. Granting, then, that Hawkins remained in possession for seven years under Newton's bond for titles, this would not give him a prescriptive title as against Dearing's estate. In point of fact, however, Hawkins did not hold possession under his bond for the full term of seven years before the levy was made. His possession had continued for more than seven years, but the bond under which he held lacked, at the time of the levy, about nineteen days of being seven years old." It is obvious from this statement that what is said in the headnote quoted is obiter dictum of the learned Justice who delivered the opinion; because if Hawkins had not held possession under the bond for title given him by Newton for seven years prior to the levy on the land, his claim of prescriptive title could not be sustained. In saying that Hawkins "either knew, or ought to have known, that the title to the land was not in" Newton, the able Justice made a statement contrary to the prior holdings of this court, in so far as announcing that Hawkins ought to have known that the title to the land was not in Newton. Among the cases in which a contrary ruling is pronounced is *Garrett* v. *Adrain,* supra, wherein it is said: "It would be very unjust and contrary to the whole tenor of the authorities, and of the provisions of

the Code, to presume fraud, because, by diligence, the truth might have been known." In *Payne* v. *Blackshear,* 52 *Ga.* 637-639, it is said: "As we have said in several cases, it would make the law of prescription useless if, to make it available, men must get a good title or take care." And in *Street* v. *Collier,* 118 *Ga.* 470 (45 S. E. 294), it was again announced: "Only moral fraud will prevent possession under color of title from ripening into a prescriptive title." Moreover, the entire note quoted from *Hawkins* v. *Dearing* is in conflict with the well-settled law in this State as shown by the decisions hereinbefore referred to by us. What we respectfully declare to be the erroneous dictum in *Hawkins* v. *Dearing* is approvingly quoted in *Brown* v. *Huey,* 103 *Ga.* 448 (30 S. E. 429), where is is held: "As against a plaintiff in an action of ejectment, who has shown title in himself, a valid prescription is not established in favor of the defendant when it appears that the latter purchased and entered upon the land in dispute, with knowledge that his vendor held solely under a bond for title made by the plaintiff, to whom a portion only of the purchase-money had been paid, and, with this knowledge, accepted from such vendor an obligation binding the latter to make title." It was entirely unnecessary to refer to such dictum in that case, as it appears from the headnote quoted, and in the opinion, that the defendant setting up prescription under bond for title had actual knowledge that his obligor was holding under a bond for title from the true owner, and, indeed, took a transfer to himself of the bond for title to his immediate obligor. *Hawkins* v. *Dearing* is again cited in *Southern Railway Co.* v. *Ethridge,* 108 *Ga.* 121 (33 S. E. 850), the case being an action for trespass upon realty, brought by Ethridge against the railway company, to recover damages to the freehold. It is said in the opinion that Ethridge was asserting prescriptive title as the vendee of Mrs. Wilson, and, "this being so, ·no prescription could run in his favor as against her so long as any part of the purchase-money remained unpaid." For this proposition *Hawkins* v. *Dearing* was cited. Such statement is in accord with what we have endeavored to show is the law on the subject in this State. See reference to this case in *Street* v. *Collier,* supra.

Plaintiff in error can get no comfort from *Stokes* v. *Maxwell,* 53 *Ga.* 657, wherein it is held: "Where a claimant held land for seven years under a title independent of that of the mortgagor, he

obtained a good title by prescription; aliter had he been a privy in estate with the mortgagor." That case was argued with that of *Wingfield* v. *Davis*, 53 *Ga.* 655, and Chief Justice Warner delivered the opinion in each case, and on the same day. In the *Wingfield* case, as we have already stated, it is held: "Where a purchaser under bond for title sold by absolute deed to claimant, who bought without notice that his vendor was in possession under bond, and who occupied the property continuously for a period longer than seven years, exercising acts of ownership, such claimant acquired a valid title by prescription." While it was perhaps unnecessary for the distinguished Chief Justice to have said anything as to what would be the rule had the claimant purchased from the mortgagor subsequently to the date of the mortgage, yet there was nothing in what was stated contrary to the ruling in the *Wingfield* case. The meaning of the statement is that if the claimant had purchased from the mortgagor with actual knowledge of the mortgage lien, or with constructive notice by reason of the record of the mortgage, then the claimant could not prescribe as against the mortgage lien. As a matter of fact, however, it appears that the claimant held the land under a title independent of that of the mortgagor, and the case decides that he had a good title by prescription.

We have not referred to all of the decisions of this court on the subject under discussion, but to a sufficient number of them directly on the point to show that the trial judge did not err in the charge assigned as error.

> *Judgment affirmed. All the Justices concur.*