IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1999 SESSION

FILED

November 4, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, )
)
    Appellee, )
) NO. 03C01-9806-CC-00215
)
VS. ) ANDERSON COUNTY
)
) HON. JAMES B. SCOTT,
CURTIS J. ELY, ) JUDGE
)
    Appellant. ) (Felony Murder - Life Sentence)

DISSENTING OPINION

    Some recent decisions from the supreme court make it difficult to quarrel with the analysis in the lead opinion on the issue of whether the trial court failed to provide the jury with instructions on the lesser offenses of second degree murder, reckless homicide, or criminally negligent homicide. State v. Trusty, 919 S.W.2d 305, 310-11 (Tenn. 1996). Judge Riley concludes that there is no error for the failure to instruct on a lesser offense when the record "clearly shows that the defendant was guilty of the greater offense, and the record is devoid of any evidence permitting an inference of guilt of the lesser offenses." Slip op. at 14 (quoting State v. Langford, 994 S.W.2d 126, 126-28 (Tenn. 1999). The lead opinion also relies upon State v. Vann, 976 S.W.2d 93 (Tenn. 1998), wherein our supreme court ruled that the trial court did not err by failing to give a jury instruction on second degree murder or facilitation of a felony when all of the proof offered established that the victim had either been killed during the perpetration of a rape, died from an accidental choking, or had committed suicide. In the Vann opinion, our supreme court ruled that "this case is devoid of evidence to support a jury charge on the offenses of second degree murder and facilitation of a felony." Id. at 101. By the use of that authority, Judge Riley has determined in this case that the evidence would not have been sufficient to support any of the lesser offenses.

    In his concurring opinion, Judge Welles points out a flaw in that rationale. Relying on State v. Cleveland, 959 S.W.2d 548 (Tenn. 1997), he believes

1

that trial courts are under a duty to "instruct the jury on all lesser grades or classes of offenses and all lesser included offenses if the evidence will support a conviction for those offenses.... [A]llowing consideration of the lesser included offenses and the ... lesser grades ..., if the evidence supports guilt on those offenses, more evenly balances the rights of the defense and the prosecution and serves the interests of justice. Id. at 553. Judge Welles not only points out that the proof offered in this case would have been sufficient to support the lesser offenses but he also illustrates potential damage to the interests of the state when the trial judge denies a request for instructions on lesser crimes.[1] In State v. Bolden, 979 S.W.2d 587 (Tenn. 1998), for example, the defendant, who was charged with premeditated first degree murder, was willing to gamble on an "all or nothing" verdict by asking the trial judge not to charge the lesser included offense of second degree murder; the trial judge refused and the defendant was convicted on that lesser crime. While our supreme court affirmed the second degree murder conviction, its opinion emphasized the mandate of the statute requiring trial courts to "instruct the jury on all lesser offenses if the evidence introduced at trial is legally sufficient to support a conviction of the lesser offense." Id. at 593. In Bolden, our supreme court acknowledged that a "purpose of the statute is to protect the right to trial by jury by instructing the jury on the elements of all offenses embraced by the indictment [and to] facilitate[] the overall truth-seeking function of the process." Id. at 593.

In this case, the evidence presented might have allowed the jury to infer that the defendant was not involved in the robbery of the victim but knowingly participated in the killing of the victim. The circumstances, in my view, would have at least warranted an instruction on second degree murder. I believe that under our system, it is the duty of the jury to assess the facts and circumstances, weigh the credibility of the witnesses, and draw their own inferences from the evidence presented at trial. See Wright v. State, 549 S.W.2d 682 (Tenn. 1977); Johnson v. State, 397 S.W.2d 170, 1974 (1965). While, as Judge Welles indicates, that may

---

[1]In Schad v. Arizona, 501 U.S. 644 (1991), the Supreme Court noted that the aim of the rule established in Beck v. Alabama, 447 U.S.625 (1980), was "to eliminate the distortion of the fact-finding process that is created when the jury is forced into an all-or-nothing choice." Schad v. Arizona, 501 U.S. at 648.

2

not have made a difference in this case, the function of the jury is so important, in my opinion, that there should be a strict harmless error analysis.

My particular concern about the concurring opinion of Judge Welles is his reliance upon State v. Williams, 977 S.W.2d 101 (Tenn. 1998), to adequately assess the effect of the error.[2]  In Williams, our supreme court recognized that the trial court had erred by failing to charge voluntary manslaughter when instructions had been given on first degree premeditated murder and second degree murder. Nonetheless, a majority of the supreme court ruled that the failure to so instruct violated only the statute and that the requirement to charge lesser included offenses was not based on a constitutional right to trial by jury.  In consequence, the majority opinion rejected the constitutional error analysis and instead adopted the standard provided in Rule 52 of the Tennessee Rules of Criminal Procedure:

> (a)  Harmless Error.  No judgment of conviction shall be reversed on appeal except for errors which affirmatively appear to have affected the result of the trial on the merits.
>
> (b)  Plain Error.  An error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice.

(Emphasis added).

Judge Welles suggests that the burden placed upon the appealing party to show that "the error more probably than not affected the judgment" is so onerous that a reversal would rarely result for the failure to charge a lesser offense. See State v. Williams, 977 S.W.2d at 105.

---

[2]I would also disagree with the holding of a panel of our court in State v. Elder, 982 S.W.2d 817 (Tenn. Crim. App. 1998), wherein the trial court refused to charge attempted voluntary manslaughter, concluding there was no "evidence in my judgment that the jury could possibly have used to find provocation sufficient under the statute to justify a charge of attempted voluntary manslaughter."  The panel determined, after a review of the record, that an argument between the victim and the defendant could not qualify as a "state of passion," as defined by Tenn. Code Ann. § 39-13-211, when there had been an interval of four and one-half hours before a shooting.  In my view, the trial court in Elder encroached upon the province of the jury by returning the charge and no appellate court should have the prerogative to establish an arbitrary standard within which passions must necessarily subside. See Tennessee Constitution, art. I, §§ 6, 9, and 19 stating "the jury shall have the right to determine the law and the facts."

Sometimes the egregiousness of the facts obscure the legitimacy of a legal issue. As unlikely as it may have been in this case for the jury to accredit any theory offered by the defense, the trial judge had at least the statutory duty to instruct the jury because the proof would have been sufficient to support a second degree murder:

> It is the duty of all judges charging juries in cases of criminal prosecutions of any felony wherein two or more grades or classes of offense may be included in the indictment, to charge the jury as to <u>all of the law each offense included in the indictment, without any request on the part of the defendant to do so.</u>

Tenn. Code Ann. § 40-18-110 (emphasis added). As early as <u>McGowan v. State</u>, 17 Tenn. 84 (1836), our supreme court determined that this statutory mandate is founded in the terms of our state constitution. A number of decisions since support that view.[3] In <u>Bolden</u>, decided shortly after <u>Williams</u>, our supreme court ruled that the failure to instruct on a lesser offense should be subject to error analysis under the constitutional standard of harmless beyond a reasonable doubt. It is when the record is practically devoid of any evidence of a lesser offense that the error is harmless beyond a reasonable doubt. While that is an imprecise standard, it places the burden appropriately upon the state to assure that there was not an impermissible invasion of the jury's role as fact finder. Because the evidence here

---

[3]<u>See</u> <u>State v. Staggs</u>, 554 S.W.2d 620 (Tenn. 1977) (a part of the constitutional right to trial by jury is to have every issue made by the evidence determined by the jury under a correct and complete charge of the law); <u>Strader v. State</u>, 362 S.W.2d 224 (Tenn. 1962). Recent cases stating rule that failure to charge lesser offense is a constitutional deprivation rely on <u>State v. Wright</u>, 618 S.W.2d 310 (Tenn. Crim. App. 1981) (Joe D. Duncan, Judge), and include the following: <u>State v. Belser</u>, 945 S.W.2d 776 (Tenn. Crim. App. 1996); <u>State v. Howard</u>, 926 S.W.2d 579 (Tenn. Crim. App. 1996); <u>State v. Summerall</u>, 926 S.W.2d 272 (Tenn. Crim. App. 1995); <u>State v. Ruane</u>, 912 S.W.2d 766 (Tenn. Crim. App. 1995); <u>State v. Lewis</u>, 919 S.W.2d 62 (Tenn. Crim. App. 1995); <u>State v. Boyce</u>, 920 S.W.2d 224 (Tenn. Crim. App. 1995); <u>State v. King</u>, 905 S.W.2d 207 (Tenn. Crim. App. 1995); <u>State v. McKnight</u>, 900 S.W.2d 36 (Tenn. Crim. App. 1994); <u>State v. Vance</u>, 888 S.W.2d 776 (Tenn. Crim. App. 1994); <u>State v. Banes</u>, 874 S.W.2d 73 (Tenn. Crim. App. 1993); <u>State v. Richard Darrell Miller and Johnny Wayne Garner</u>, C.C.A No. 01C01-9703-CC-00087 (Tenn. Crim. App., at Nashville, Sept. 11, 1998); <u>State v. George Rose</u>, C.C.A. No. 02C01-9710-CR-00405 (Tenn. Crim. App., at Jackson, July 2, 1998); <u>State v. Harvey Phillip Hester</u>, C.C.A. No. 03C01-9704-CR-00144 (Tenn. Crim. App., at Knoxville, June 4, 1998); <u>State v. Becky Davis</u>, C.C.A. No. 03C01-9701-CR-00027 (Tenn. Crim. App., at Knoxville, May 1, 1998); <u>State v. Willie D. Graham</u>, C.C.A. No. 03C01-9707-CC-00314 (Tenn. Crim. App., at Knoxville, May 7, 1998); <u>State v. Warren Tyrone Fowler</u>, C.C.A. No. 03C01-9709-CC-00391 (Tenn. Crim. App., at Knoxville, Apr. 29, 1998); <u>State v. Harvey D'Hati Moore</u>, C.C.A. No. 03C01-9704-CR-00131 (Tenn. Crim. App., at Knoxville, Mar. 18, 1998); <u>State v. Daniel Joe Brown</u>, C.C.A. No. 02C01-9611-CC-00385 (Tenn. Crim. App., at Jackson, Dec. 3, 1997); <u>State v. Michael Tyrone Gordon</u>, C.C.A. No. 01C01-9606-CR-00213 (Tenn. Crim. App., at Nashville, Sept. 18, 1997); <u>State v. George Brooks</u>, C.C.A. No. 02C01-9602-CR-00050 (Tenn. Crim. App., at Jackson, May 15, 1997); <u>State v. Janice Hansbrough-Eason</u>, C.C.A. No. 02C01-9504-CR-00098 (Tenn. Crim. App., at Jackson, Dec. 19, 1996); <u>State v. Hollis Ray Williams</u>, C.C.A. No. 03C01-9406-CR-00209 (Tenn. Crim. App., at Knoxville, July 23, 1996); <u>State v. Randall Scott</u>, C.C.A. No. 01C01-9307-CR-00240 (Tenn. Crim. App., at Nashville, Jan. 5, 1996); <u>State v. Deborah Gladish</u>, C.C.A. No. 02C01-9404-CC-00070 (Tenn. Crim. App., at Jackson, Nov. 21, 1995); <u>State v. Eric J. Fair</u>, C.C.A. No. 02C01-9403-CR-00055 (Tenn. Crim. App., at Jackson, Nov. 15, 1995).

would have supported a conviction for second degree murder, the jury should have received instructions on that offense. I cannot say that the error was harmless beyond a reasonable doubt. The jury should have been allowed the choice between felony murder and second degree murder.

I therefore dissent.

_____
Gary R. Wade, Presiding Judge

5